o

MATTER OF MARCOUX

In Deportation Proceedings

A-17618499

*Decided by Board August 15, 1968*

In the absence of fraud, an alien who entered the United States as an immigrant based on a labor certification for employment as a trainee weaver of woven goods but who because of dissatisfaction with working conditions and low wages left such certified employment after 5 days and thereafter obtained non-related employment as a fiber glass repairer for which he did not have a labor certification, is not deportable for lack of a valid labor certification at entry. [*Matter of Tucker*, Int. Dec. No. 1758, distinguished.]

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry—not in possession of valid labor certification.

ON BEHALF OF SERVICE: R. A. Vielhaber
                                    Appellate Trial Attorney

The special inquiry officer terminated proceedings and certified his order. We will make no change in his order.

Respondent, a 32-year-old married male, a native and citizen of Canada, was admitted to the United States for permanent residence on November 29, 1967. In Canada, he had been a truck and taxi driver for three years. He had a labor certification issued to him because he was coming to Maine for employment as a trainee weaver of woven goods. He was to be paid about $1.65 an hour. He began this employment the day after his entry.

Respondent was unhappy in his job which required him to sit at a bench and make five knots every 30 seconds for eight hours a day. He planned to ask for a transfer. In fact, he was put elsewhere but liked this even less. A few days after he began to work, he heard that in Connecticut work was available at $2.50 an hour. On December 9, 1967, he went to Hartford, Connecticut, where on about December 13, 1967, he applied for a job with the Kaman Aircraft Corporation. On December 18, 1967 he started to work for them repairing fiber glass—a job he did not consider a skilled one. He did not have a labor certification for the second job.

Respondent testified that he entered the United States with the intention of working for the woven goods manufacturer (Ex. 3, p. 2), that he had contact with no other employer before he came to the United States (p. 12), that he used his own money to come, that he came willing to work and earn a living, and that he did not see that he had done anything wrong.

The special inquiry officer terminated proceedings finding that respondent entered the United States in good faith to take employment with the woven goods manufacturer, that he had left because he had found working conditions unsatisfactory and wages low, and that while he did not have a labor certification for the second employment, there was an obvious need for his services.

At oral argument, the Appellate Trial Attorney contended that if one comes to take certified employment with which he becomes dissatisfied, he should leave the United States and seek a new certification because his entrance was conditioned upon his working for a particular United States employer. He contended that the purpose of the law is to permit selected people to enter for jobs which cannot be filled by labor in the United States, and that only by requiring the departure of the person who did not give the job a reasonable trial can the purpose of the law be achieved. The Appellate Trial Attorney believes that the respondent did not give the first job a reasonable trial since he only worked five days, had no previous experience on the job and had been hired to learn the job. The Appellate Trial Attorney draws an analogy, between the instant case and that of a person the Board found deportable because he had taken a job other than the one for which he had a certification. He also stated that an informal inquiry at the United States Department of Labor in Boston, Massachusetts, revealed that respondent's job was not one for which a labor certification would be issued because it required no particular specialized skill or experience and was essentially an apprenticeship.

We believe that the decision of the special inquiry officer properly disposed of the case. There was no requirement in the law that an alien who took a job for which he has a labor certification must remain on the job any particular length of time. There is no evidence that respondent took employment in the United States as part of a scheme to obtain other employment. The record reveals that he entered the United States to take the certified employment in good faith. *Matter of Tucker*, Int. Dec. No. 1758, involved an alien who had a labor certification as a domestic but took employment as a machine operator although employment as a domestic appeared to be available. She never took certified employment. In the instant case, respondent did take certified employment.

828

Respondent made two visits to Canada. He last returned on March 4, 1968 when he brought his wife and children to the United States for permanent residence. At the time of his reentry he was returning to continue his employment with the aircraft company.

**ORDER:** It is ordered that no change be made in the order of the special inquiry officer.