MATTER OF KLEIN

In Deportation Proceedings

A-17092396

*Decided by Board July 30, 1968*

In the absence of fraud, an alien who entered as a sixth preference immigrant based on a labor certification as an automobile mechanic, who failed to obtain the certified employment with the prospective employer due solely to lack of a job opening, who thereafter obtained employment as an automobile mechanic and who is still willing to work for the petitioning employer whenever a job is offered, is not deportable for lack of a valid labor certification at entry.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—No due certification by Secretary of Labor as required by section 212(a)(14) of the Act.

ON BEHALF OF RESPONDENT: Herman Grant, Esquire,
10 North Clark Street,
Chicago, Illinois 60602

The case comes forward pursuant to certification by the Regional Commissioner, Northwest Region, pursuant to 8 CFR 3.1(c) of the order of the special inquiry officer dated May 20, 1968 terminating the deportation proceedings.

The special inquiry officer has set forth the facts of the case in full and for the purpose of our decision we shall set forth only such facts as are pertinent. The record relates to a native of Romania, a citizen of Israel, 46 years old, married, male, who last entered the United States at the port of New York on August 7, 1967 and was admitted for permanent residence upon presentation of an immigrant visa according him a sixth preference under the Romanian quota. The labor certification upon which the sixth preference was based certified him for employment as an automobile mechanic at Harbor Motors, Inc. The respondent testified that he went to Harbor Motors accompanied by his friend, Alex Barnes, and talked to Mr. Szabo of Harbor Motors, the prospective employer, but was informed that there was no work for him but as soon as there would be work, the employer would call him. The employer suggested that he go to school and learn English in the meantime. While the Job Offer (Form ES-575B) stated that a

819

working knowledge of the English was desirable, it does not appear that knowledge of the English language was required. The failure to obtain employment was due solely to lack of a job opening. The respondent obtained employment with the General Cooperage Company, Chicago, Illinois in October 1967 as a machine operator and mechanic since October 1967 for which no labor certification was obtained. He has been employed part time as an automobile mechanic and is still ready, willing and able to work for Harbor Motors whenever he is offered a job. The evidence establishes that the respondent was fully qualified as an automobile mechanic and eligible for the sixth preference which was issued to him. There is no allegation of fraud on the part of the respondent nor does the evidence of record reflect that the respondent or the employer have been guilty of any fraud in obtaining the sixth preference classification. The respondent did work as an automobile mechanic for another employer but there is no evidence to contradict respondent's assertion that he was discharged due to a language barrier and not for lack of skill as an automobile mechanic.

In *Matter of Tucker*, Int. Dec. No. 1758, referred to by the special inquiry officer, and differentiated on the facts, there was involved an alien who had obtained a labor certification by an employer who never intended to employ her as a domestic and who obtained immediate employment after her entry as a sewing machine operator, the type of work she was doing before arrival. In *Matter of Paco*, Int. Dec. No. 1832, the job offer on which the labor certification was issued, was withdrawn prior to the alien's application for admission to the United States.

In the instant case the respondent has obtained a sixth preference and a labor certification as an automobile mechanic for which he has fully qualified, and sought to obtain employment at the job with the prospective employer. He was not successful because the employer had no job available. Thereafter he obtained employment for a period about a month as an automobile mechanic, the category in which he had been certified, but left due to language difficulties. The respondent is still willing to work for the petitioning employer whenever a job is offered to him. There is no evidence that the job offer upon which the certification was predicated was not bona fide or that any fraud was imputable to the respondent. It is concluded that deportability on the charge stated in the order to show cause has not been established by clear, convincing and unequivocal evidence. The decision of the special inquiry officer terminating proceedings will be approved.

ORDER: It is ordered that the decision of the special inquiry officer dated May 20, 1968 terminating deportation proceedings be and the same is hereby approved.