Paula Arguello de VARGAS, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 26041.

United States Court of Appeals Fifth Circuit.

Dec. 3, 1968.

Rehearing Denied March 21, 1969.

Albert Armendariz, El Paso, Tex., for petitioner.

Ramsey Clark, Atty. Gen. of the U. S., Dept. of Justice, Washington, D. C., Troy A. Adams, Jr., Dist. Director, U. S. Immigration and Naturalization Service, New Orleans, La., Louis LaCour, U. S. Atty., New Orleans, La., Ernest Morgan, U. S. Atty., El Paso, Tex., Claude D. Brown, Asst. U. S. Atty., Fort Worth, Tex., Harriet R. Johnson, Atty., Dept. of Justice, Washington, D. C., Eldon Mahon, U. S. Atty., Northern Dist. of Texas, Fort Worth, Tex., for respondent, Maurice A. Roberts, Atty., Dept. of Justice, Washington, D. C., of counsel.

Before JONES and COLEMAN, Circuit Judges, and CHOATE, District Judge.

PER CURIAM:

The petitioner, Paula Arguello de Vargas, brings before this Court for review an administrative order of the Immigration and Naturalization Service for her deportation to Mexico of which she is a native and a citizen. The evidence of record shows that she is subject to deportation and that no abuse of administrative discretion is shown in the failure of the agency to grant, nunc pro tunc, permission to reapply for admission after deportation. No error is apparent. The order of deportation is

Affirmed.

## ON PETITION FOR REHEARING

Before JONES and COLEMAN, Circuit Judges, and CHOATE, District Judge.

PER CURIAM:

The petitioner, Paula Arguello de Vargas, by this petition for rehearing, urges that this Court did not consider Section 241(f) of the Immigration and Nationality Act, 8 U.S.C.A. Sec. 1251 (f), and the decision of the United States Supreme Court in Immigration and Naturalization Service v. Errico, 385 U.S. 214, 87 S.Ct. 473, 17 L.Ed.2d 318 (1966). Although it does not clearly appear from the opinion, the argument with respect to Sec. 241(f) was carefully considered. Her petition for rehearing is without merit. In order to relieve the apprehensions which the petitioner apparently harbors, we take this opportunity to set forth the reasons for the conclusion that Sec. 241(f) does not save her from deportation.

Section 241(f) reads as follows:

"The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence."

The issue presented by petitioner is whether this statute saves from deportation an alien who has previously been deported and then reenters the United States without first having obtained permission to apply for reentry from the Attorney General as required by Sec. 212(a) (17), 8 U.S.C.A. Sec. 1182(a) (17).

Petitioner is a native and citizen of Mexico who was previously deported from the United States to Mexico on August 8, 1958. She is the mother of two children, both United States citizens, both residing in Chicago, Illinois. She reentered the United States as an immigrant on July 18, 1966, upon presentation of an immigration visa issued to her.

It is undisputed that she obtained this immigration visa without first obtaining the consent of the Attorney General to apply for admission as required in Sec. 212(a) (17). Subsequently, she was charged with deportability on August 11, 1967, as an alien who "at the time of entry was within one or more of the classes of aliens excludable by the law existing at the time of such entry." 8 U.S.C.A. Sec. 1251.

■ Failure of the Immigration and Naturalization Service to charge the petitioner specifically with deportability for fraud does not render Sec. 241(f) inapplicable. Errico, supra at 217, 87 S.Ct. 473. Petitioner argues that having the requisite family ties in the United States and having obtained her immigration visa by fraudulently concealing her previous deportation, Sec. 241(f) saves her from deportation. Her interpretation of Sec. 241(f) ignores the statutory restriction that an alien so saved must be "otherwise admissible." She would never have been admissible without permission to reapply after deportation. 8 U.S. C.A. Sec. 1182(a) (17).

Immigration and Naturalization Service v. Errico, supra, resolved a conflict in the Circuits on an interpretation of Section 241(f).[1] But Errico does not benefit the petitioner. It decides the question "whether the statute saves from deportation an alien who misrepresents his status for the purpose of evading quota restrictions, if he has the necessary familial relationship to a United States citizen." Errico, supra at 215, 87 S.Ct. at p. 475. The Court held that an alien who had, in violation of quota restrictions, obtained entry by fraud and was not otherwise inadmissible could receive the benefits of Section 241(f). That is, the Court held that the "otherwise admissible" restriction does not apply to fraudulent evasions of quota requirements. But we are not here concerned with an attempt to evade quota restrictions. Petitioner is charged with being

qualitatively unacceptable and undesirable under the Immigration and Nationality Act.

■ Congress has placed a dual system of control on immigration. Errico was concerned with the quantitative restrictions on immigration. Of far more serious nature are the qualitative restrictions on immigration as established in Sec. 212, 8 U.S.C.A. Sec. 1182. This section enumerates classes of aliens excluded from admission from the United States—e. g., insane persons, narcotic addicts, prostitutes. Included in this classification are aliens who have previously been deported from the United States, unless they have secured permission to reapply for admission. Sec. 212 (a) (17), 8 U.S.C.A. Sec. 1182(a) (17). This is clearly intended to be a qualitative requirement. See, Besterman, Commentary on the Immigration and Nationality Act, 8 U.S.C.A., page 1 et seq.

■■ The present version of Section 241(f) was adopted in 1961, 75 Stat. 655 (1961). It is essentially a reenactment of Section 7 of Pub.L. 85–316, 71 Stat. 640, 8 U.S.C.A. Sec. 1251a enacted in 1957. The judicial and administrative decisions and rulings of the statute which preceded Section 241(f) held that "otherwise admissible" applied to qualitative standards. Langhammer v. Hamilton, 295 F.2d 642 (1st Cir. 1961); Matter of S——, 9 I. & N.Dec. 496 (1961). A fair interpretation of the legislative history and the terms of the present Section 241 (f) requires the conclusion that Congress had no intention of giving a new and different meaning to the phrase "otherwise admissible." The legislative history of Section 241(f) is set forth in Immigration and Naturalization Service v. Errico, supra. To adopt the petitioner's interpretation of "otherwise admissible" would be to delete the phrase from the statute. The phrase would have no purpose if it did not refer to qualitative restrictions, especially since the Errico decision holds that the Section relieves

1. Scott v. Immigration and Naturalization Service, 2nd Cir. 1965, 350 F.2d 279;

Errico v. Immigration and Naturalization Service, 9th Cir. 1965, 349 F.2d 541.

properly situated aliens from the quantitative restrictions of the Act. We are unwilling to attribute to Congress an intent to afford a means of wholesale evasion of the Immigration and Nationality Act to those aliens, no matter how qualitatively undesirable, who are able to conceal by means of fraud their undesirability, merely because they have the requisite family ties in this country. Therefore, we reach the conclusion that petitioner is not saved from deportation by Section 241(f) since at the time of her entry she was not otherwise admissible.

The petition for rehearing is hereby denied.