MATTER OF WELCOME

In Deportation Proceedings

A–17573319

*Decided by Board August 6, 1969*

(1) The Board has authority in deportation proceedings to determine the validity of the Department of Labor certification presented by an alien at time of admission.

(2) An alien issued a visa on the basis of a labor certification for employment as a "sleep-in" maid, who, within a few days after executing her visa application, learned that the job offer in support of the certification had been withdrawn but without advising the visa-issuing officer thereafter proceeded to the United States, is deportable for lack of a valid labor certification under section 212(a)(14), Immigration and Nationality Act, as amended, at time of entry, notwithstanding at all times she may have intended to work as a "sleep-in" domestic and eventually did obtain such employment some 4 to 5 months subsequent to entry. [*Matter of Klein*, 12 I. & N. Dec. 819, distinguished.]

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251]—Excludable by law existing at time of entry (section 212(a)(14); 8 U.S.C. 1182)—coming to perform skilled or unskilled labor—no valid labor certification.

ON BEHALF OF RESPONDENT:    David Braun, Esquire
122 East 42d Street
New York, New York 10017

This case is before us on appeal from a special inquiry officer's order of August 20, 1968, granting the respondent the privilege of voluntary departure, but providing for her deportation from the United States to Honduras, on the charge contained in the order to show cause, in the event of her failure to so depart. The special inquiry officer's decision will be affirmed and the appeal dismissed.

The record relates to a female alien, approximately 27 years of age, a native and citizen of Honduras, who was divorced in 1967 and whose five children are being cared for by her mother in

Honduras. She last entered the United States on February 13, 1968, when she was admitted for permanent residence upon presentation of an immigrant visa supported by a certification from the Secretary of Labor. The latter document showed that she was destined to a Dr. Jacob Green, 58 Lord Avenue, Lawrence, New York, for employment as a "sleep-in" maid. However, at the time of the respondent's entry (admission) that job was not available to her, since Dr. Green had found it necessary to fill the position with someone else because of the delay in the respondent obtaining her visa, under the following circumstances.

The respondent's labor certification was issued on August 29, 1967, on the basis of the job offer by Dr. Green and an employment contract signed by the respondent on July 14, 1967. On the basis of the respondent's application for a visa, supported by the labor certification, she appeared before a consular officer abroad on November 17, 1967 and executed her formal application for the visa. That document was issued to her on November 20, 1967.

When the respondent returned home from the consular office in Honduras, a two-day trip, she was greeted by a letter from Dr. Green (Ex. 5), in which she was advised that the job offer was being withdrawn. She did not thereafter make inquiry of the consulate where she had obtained her visa as to what she should do under the circumstances, or inform the visa issuing officer that the job offer had been withdrawn. Neither did she take steps to obtain other employment. But she did, nevertheless, proceed to the United States, ostensibly to accept employment which was no longer available to her.

In connection with the foregoing, it is asserted that after the respondent's arrival in the United States, she was able to obtain work as a "sleep-in" domestic with a Nevins family, through the efforts of the Green family, the original sponsor. It is alleged that the respondent lost this job because of her inability to find her way back to work after her day off. It is stated that she then tried to obtain other domestic work, and thereafter, out of desperation because of the need for money, went to work in a factory where her close relatives were also working. It is stressed that after working in that factory for several weeks, and unsuccessfully attempting to again obtain domestic work, the respondent took another factory job which she retained until the end of June 1968. It is indicated that she then obtained domestic employment with a family in Westchester County, New York and has continued in that employment since.

Section 212(a)(14) of the Immigration and Nationality Act

353

provides that, with stated exceptions not here applicable, an alien shall be ineligible to receive a visa and/or for admission into the United States unless in possession of a certification by the Secretary of Labor. 29 CFR 60.5 states that the requisite labor certification is invalid if the representations upon which it is based are incorrect. Focusing on the moment of this respondent's admission, as we must where her deportability is charged under section 241(a)(1) of the Immigration and Nationality Act, the key question presented is whether the labor certification the respondent presented at that time was invalid under the Labor Department's regulation, 29 CFR 60.5.

The respondent's primary contention is that section 212(a)(14) of the Immigration and Nationality Act grants authority to determine the validity of the labor certification in question solely to the United States Department of Labor. We, however, reject the argument insofar as it is applicable to these proceedings, for the following reasons. We also find it unnecessary to refer the question to the Department of Labor, as requested.

Our jurisdiction to decide these cases can be found in section 103(a) of the Immigration and Nationality Act,[1] which charges the Attorney General with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration of aliens, and makes his determination and rulings with respect to all questions of law, controlling; and 8 CFR 3.1, wherein the Attorney General's duties in this respect are delegated to this Board. Consistent with this statutory and regulatory scheme is the legislative history of section 212(a)(14) of the Immigration and Nationality Act, which reflects that the Department of Justice has the ultimate responsibility for administering it.[2] All we can add in this connection is that, practically speaking, there is no valid distinction to be drawn between the present situation and one wherein an alien in possession of a visa or other documentation issued by an American consul abroad is not entitled to enter the United States if, upon arrival at a port of entry in this country, he is found to be inadmissible under the Immigration and Nationality Act or any other provision of law;[3] nor is there any substantial difference between this situation and one involving the materiality of a misrepresentation made to an American consul in an application for an immigrant visa, where

[1] 8 U.S.C. 1103.
[2] 111 Cong. Rec. 21805 (1965) (Remarks of Congressman Moore).
[3] See section 221(h), Immigration and Nationality Act; 8 U.S.C. 1201.

the consul's statement as to whether he regards the misrepresentation to have been material is not controlling.[4]

A contrary conclusion is not required by our decision in *Matter of Desanges*, A-17557508, July 17, 1968, unreported. That case involved a female Haitian who, upon arrival in the United States, presented an immigrant visa supported by a labor certification showing that she was destined to a Mr. Luis Ventura of New York City, for employment as a domestic. She was paroled into the United States, and later made the subject of exclusion proceedings when it developed that she had not reported to or been employed by Mr. Ventura subsequent to her arrival. The special inquiry officer ordered her excluded on the grounds that at the time of her application for admission she was not in possession of a valid labor certification and, therefore, was not in possession of a valid immigration visa issued on the basis of the labor certification which she presented.

We decided to remand that case to the special inquiry officer for the taking of additional evidence to clarify the question of whether at the time of her arrival the alien actually intended to accept the employment to which she was ostensibly destined, and to further develop the point of whether, prior to her departure for and arrival in the United States, she knew that the job on the basis of which she had been granted the labor certification was no longer available to her. We did then point out that, on remand, the record should also be developed to show whether the Department of Labor considered that the alien's employment, at the time of the hearing, as a domestic by another employer substantially complied with the labor certification she presented on arrival. But this statement of ours does not have the significance the respondent would attach to it.

The *Desanges* case, *supra*, arose in exclusion proceedings wherein the alien's application for admission was a continuing one persisting to the moment of our consideration thereof,[5] so that the views of the Labor Department as to the validity of her certification at that time would constitute valid evidence which could properly be considered.[6] The present case, however, involves deportation proceedings wherein the facts as they are shown to

---

[4] See *Matter of S—C—*, 7 I. & N. Dec. 76, 78; *Matter of M—*, 7 I. & N. Dec. 222, 225; and *Matter of Martinez-Lopez*, 10 I. & N. Dec. 409, 410.

[5] *Matter of Morgan*, A-18186391, BIA, May 22, 1969; Interim Decision No. 1978.

[6] *Hosseinmardi v. INS*, 405 F.2d 25 (9 Cir., 1968).

have existed at the time of the respondent's entry (admission) are determinative. Obviously, therefore, her present employment is too remote therefrom to have any bearing on the problem confronting us here, for the following reasons.

Section 212(a)(14) of the Immigration and Nationality Act provides that an alien shall be ineligible to receive a visa and for admission into the United States unless in possession of a certification issued by the Secretary of Labor. 29 CFR 60.5 states that the requisite labor certification is invalid if the representations upon which it is based are incorrect. As we have already pointed out in this opinion, the validity of the respondent's labor certification depended upon the correctness of the representations at the time of her entry, as well as at the time that she received her visa. Application of the foregoing facts of record in the light of these provisions of the law and the related regulations convinces us of the correctness of the special inquiry officer's finding with respect to the respondent's deportability on the charge contained in the order to show cause. Our reason, simply stated, is at the time of her entry the respondent knew that the employment covered by the labor certification she presented was not available to her.

We find it to be of no assistance to the respondent that at all times she may have intended to work as a "sleep-in" domestic and that she eventually did obtain such employment. Insofar as is here pertinent, 29 CFR 60.5 states that the labor certification the respondent presented covered only the position described in the request therefor, contrary to the respondent's contentions on appeal. Under Schedule B of 29 CFR the respondent's contemplated employment would come under the occupational title of "household domestic service worker." Under 29 CFR 60.2(a)(2), there is in existence no blanket certification by the Secretary of Labor that in this category of employment and in the geographic area involved there are not sufficient workers who are able, willing, qualified, and available for employment, and that the employment of the respondent would not adversely affect the wages or working conditions of workers in the United States similarly employed. The only additional comment required on this point is that the Form ES-575-A (Statement of Alien's Qualifications) executed by the respondent had prominently displayed, at the top-obverse, a warning as to the serious consequences involved for failure to conform with the factual recitations contained therein.[7]

---

[7] 18 U.S.C. 1001.

The respondent's case is clearly distinguishable on the facts from *Matter of Klein*, A–17092396, BIA, July 30, 1968, 12 I. & N. Dec. 819, in which she seeks support. Therein, there was no job available at the time of the respondent's entry, which is the situation as to the respondent. However, in *Matter of Klein* there is no showing that the unavailability of employment was known to the alien until he had entered the United States and reported to the prospective employer, whereas in this case the destined employment was unavailable prior to the respondent's departure for the United States and this fact was known to her at that time. We think this distinction is of extreme importance, and we hold that it is dispositive of the problem. In other words, it is our view that this respondent is deportable because she had actual knowledge of the lack of availability of the employment to which she was destined at the time of her entry. Under these circumstances, the respondent's lack of sophistication and her rural background furnish no valid excuse. To hold otherwise would, in our opinion, lead to the absurd result of permitting aliens to take the law into their own hands and speculate on the possibility of obtaining certifiable employment after arriving in the United States. We are convinced that the Congress never intended such a possibility when enacting this legislation.

In conclusion, as we have pointed out in *Matter of Aguirre*, A–18102434, BIA, February 13, 1969, Interim Decision No. 1940, the execution of the special inquiry officer's order granting the respondent the privilege of voluntary departure has been stayed during the pendency of this appeal. Thus, the respondent still has a 63-day voluntary departure period granted her by the special inquiry officer, running from the date of our decision, within which to depart voluntarily and thereby avoid the automatic entry of the deportation order prescribed by the special inquiry officer.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

*It is further ordered* that, pursuant to the special inquiry officer's order, the respondent be permitted to depart from the United States voluntarily within 63 days from the date of this decision or any extension beyond that time as may be granted by the District Director and that, in the event of failure so to depart, the respondent shall be deported as provided by the special inquiry officer's order.