437 F.2d 74
 Juan CASTILLO-LOPEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, an agency of the United States Government and its director, the Attorney General of the United States, Respondent.
 No. 30189.
 United States Court of Appeals, Fifth Circuit.
 January 27, 1971.
 
 Joseph J. Rey, El Paso, Tex., for petitioner.
 John N. Mitchell, Atty. Gen., U. S. Dept. of Justice, Washington, D. C., Troy A. Adams, Jr., District Director, U. S. Immigration & Naturalization Service, New Orleans, La., Howard L. Adams, District Director, Immigration & Naturalization Service, San Antonio, Tex., Seagal V. Wheatley, U. S. Atty., Victor K. Sizemore, Asst. U. S. Atty., William E. Weinert, Trial Atty., U. S. Dept. of Justice, Immigration & Naturalization Service, El Paso, Tex., for respondent.
 Before WISDOM, THORNBERRY, and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 The petitioner, Juan Castillo-Lopez, a Mexican alien, has been a permanent resident of the United States since April 24, 1968. He seeks review of an order of the Immigration and Naturalization Service deporting him on the ground that he violated Section 241(a) (13) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a) (13).[1] A review of the record establishes that in March 1970 the petitioner knowingly agreed, for gain, to aid and abet aliens to enter the United States illegally.
 
 
 2
 The Government's evidence was properly admitted. 8 C.F.R. 242.14(c) specifically authorizes the receipt of prior statements into evidence in deportation proceedings. Cf. United States ex rel. Circella v. Sahli, 7 Cir. 1954, 216 F.2d 33, 37-38, cert. denied 348 U.S. 964, 75 S.Ct. 525, 99 L.Ed. 752 (1955); Quattrone v. Nicolls, 1 Cir. 1954, 210 F. 2d 513, 517, cert. denied 347 U.S. 976, 74 S.Ct. 786, 98 L.Ed. 1116 (1954). The record clearly indicates that he was advised, in Spanish, his native tongue, of all the rights to which a prospective criminal defendant is entitled. In addition, insofar as the testimony of the Government's witnesses was concerned, the weight it was accorded and the determination of the credibility of these witnesses was properly made by the immigration authorities, Kielema v. Crossman, 5 Cir. 1939, 103 F.2d 292, 293.
 
 
 3
 Section 106(a) (4) of the Immigration and Nationality Act [8 U.S.C. § 1105a(a) (4)] provides, in relevant part, that:
 
 
 4
 "* * * the petition shall be determined solely upon the administrative record upon which the deportation order is based and the Attorney General's findings of fact, if supported by reasonable, substantial, and probative evidence on the record considered as a whole, shall be conclusive." (Emphasis added.)
 
 
 5
 Both the Board of Immigration Appeals and the Special Inquiry Officer found the element of gain to be present.
 
 
 6
 Considering the administrative record as a whole, the deportation hearing was fair and no error of law was committed.
 
 
 7
 The order of the Immigration and Naturalization Service works a hardship on the petitioner's American wife and children. Unfortunately for them the Government has not charged nor does the petitioner now allege that he effected or attempted to effect his entry into the United States by fraud or misrepresentation. Therefore, the petitioner is not eligible for relief from deportation under Section 241(f) of the Immigration and Nationality Act [8 U.S.C. § 1251(f)], Tsaconas v. Immigration and Naturalization Service, 7 Cir. 1968, 397 F.2d 946, 949. Having been found deportable under Section 241(a) (13) the petitioner would necessarily be excludable under Section 212(a) (31), and, concomitantly, would not be "otherwise admissible" to the United States. Cf. de-Vargas v. Immigration and Naturalization Service, 5 Cir. 1969, 409 F.2d 335, 337-338, cert. denied 396 U.S. 895, 90 S.Ct. 192, 24 L.Ed.2d 172 (1969).
 
 
 8
 The petition for review is dismissed.
 
 
 
 Notes:
 
 
 [1]
 Section 241(a) (13) of the Immigration and Nationality Act [8 U.S.C. § 1251(a) (13)] states, inter alia, that:
 "Any alien in the United States * * * shall, * * * be deported who — prior to, or at the time of any entry, or at any time within five years after any entry, shall have, knowingly and for gain, encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law."