**Waldemar Georg SINT, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

**No. 74–1055.**

United States Court of Appeals,
First Circuit.

Argued June 5, 1974.

Decided June 28, 1974.

Joseph F. O'Neil, Boston, Mass., with whom Peter L. Zimmerman, Boston, Mass., was on brief, for petitioner.

William A. Brown, Asst. U. S. Atty., with whom James N. Gabriel, U. S. Atty., was on brief, for respondent.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

This appeal challenges the decision of the Board of Immigration Appeals that petitioner is deportable and inadmissible into the United States under § 241(a)(1) of the Immigration and Nationality Act, as amended, 8 U.S.C. § 1251(a)(1) (1970). Petitioner claims that the decision is not supported by evidence sufficiently clear, unequivocal, and convincing, see 8 C.F.R. § 242.14(a) (1973), to constitute reasonable, substantial and probative evidence of alienage and therefore deportability under the Act. 8 U.S.C. § 1252(b)(4) (1970).

■  The Immigration Judge properly received in evidence a statement concerning petitioner's alien status made by petitioner in March of 1970 in connection with deportation proceedings then pending. Petitioner's argument that receipt of such evidence constitutes a violation of his right to due process by subjecting him to double jeopardy fails. We pass the question whether a claim of double jeopardy may properly apply to civil proceedings, and assume arguendo that petitioner's voluntary departure from this country in April of 1970 is sufficiently like a deportation proceeding to invoke the claim of double jeopardy. Such a claim, nevertheless, is foreclosed because the proceedings here related to violations of the immigration laws different from those which formed the basis for the prior proceedings.

The statement made in March of 1970 concerning his Austrian citizenship is relevant as background to petitioner's present deportability, and is clearly admissible as a prior statement under the immigration regulations promulgated by the Department of Justice, 8 C.F.R. § 242.14(c) (1973), and consistent with their judicial construction and application. See, e. g., Castillo-Lopez v. Immigration and Naturalization Service, 437 F.2d 74 (5th Cir. 1971). We conclude, therefore, that consideration of such a statement is both "appropriate to the case and just to the party affected."

Whitfield v. Hanges, 222 F. 745 (8th Cir. 1915).

■■  While an admission of foreign citizenship made in 1970 is persuasive evidence of alienage in 1970, such an admission cannot alone be said to constitute clear and convincing evidence of alienage four years later. Proof of alienage at a time in the past might, in the absence of any evidence of a change in the condition, give rise to an inference that alienage continues, Hauenstein v. Lynham, 100 U.S. 483, 484, 25 L.Ed. 628 (1879); Ng Kam Fook v. Esperdy, 320 F.2d 86, 89 (2d Cir. 1963). As to proof of alienage for the purposes of determining deportability pursuant to 8 U.S.C. § 1252(b)(4), however, proof of alienage four years before, without more, falls short of providing the "clear, unequivocal, and convincing" evidence, 8 C.F.R. § 242.14(a) necessary to constitute "reasonable, substantial, and probative" proof of facts alleged as grounds for determining deportability. Yet the Board of Immigration Appeals appears to have sustained the decision that petitioner is an alien solely on the basis of this prior admission. Such a decision cannot stand, absent additional evidence to sustain the government's burden to demonstrate that petitioner remained an alien of this country during the four years following his voluntary departure. We find no such evidence on this record, although, as our following discussion reveals, we have carefully scrutinized the record to see if there was any solid basis for the Board's conclusion.

■  The sum total of evidence in the trial record consists of: (1) the expiration of visas issued prior to May of 1969; (2) the absence of any record of visas issued to petitioner between May, 1969, and March, 1970; (3) petitioner's motion to suppress evidence in which he refers to the burden the government bears in offering the confession of "an alien"; (4) a 1958 conviction for theft in Austria and a more recent abandonment of his Austrian wife and child; (5) petitioner's application for voluntary departure and his statement that if

deported he would choose to return to his "own country". As to (1) and (2), these items would tend to demonstrate unlawful entry only if present alienage were established. As to (3), (4), and (5), there is no indication that the Immigration Judge relied on these factors. Moreover, (3) could hardly be said to be a concession in light of the purpose of the motion and petitioner's persistence in pressing his claim that the government had failed to prove present alienage; (4) is of no help in determining petitioner's present sttaus; and both (4) and (5) are relevant for our purposes only to petitioner's application for voluntary departure in lieu of deportation only if he were to be found deportable.

■■■ The record also reveals evidence of petitioner's status as an alien which came to light only after the decision of the Immigration Judge. In argument before the Board of Immigration Appeals, counsel for petitioner asserted the due process rights of "an alien", but such an assertion less likely concedes alienage than merely posits the logical contention that the procedural rights of an alien should extend to one who is charged with being an alien. There is also evidence in the record that petitioner has applied for a stay of deportation pending the disposition of his recent application for a visa. Such application can hardly be said to concede alienge, but reflects instead the practical exercise of a procedural option left to petitioner following the official determination that he is deportable.

■■■ Finally, the record reveals a statement by the Austrian Consulate General that petitioner may return to Austria as a citizen of that country. Yet this evidence, like the other evidence

considered in this paragraph, came to light only after the decision of the Immigration Judge and could not have formed a basis for his judgment. Thus it cannot influence our consideration of the propriety of that judgment. We conclude that the record in this case, though scrupulously read, fails to reveal the clear, unequivocal, and convincing evidence necessary to establish petitioner's citizenship between 1970 and 1974.

■■■ Given the failure of proof, the conclusion of the Immigration Judge that there was sufficient proof of alienage to warrant deportation impermissibly imposed the burden of proving alienage upon petitioner. It is the government's burden to demonstrate that petitioner remained an alien of this country during the period of time at issue. *See* 8 U.S.C. § 1252(b)(4) (1970); 8 C.F.R. § 242.14(c) (1973). *See also* Woodby v. Immigration and Naturalization Service, 385 U.S. 276, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966); Gastelum-Quinones v. Kennedy, 374 U.S. 469, 83 S.Ct. 1819, 10 L. Ed.2d 1013 (1963).[1] The Immigration and Naturalization Service may well have searched its records and those of the State Department to determine whether petitioner has been issued visas between March of 1970 and the present time, or indeed whether he has become a citizen of this country. But there is not the slightest allegation in this record that it has done so, and we will not presume that it has done so.[2]

The judgment of the Board of Immigration Appeals is reversed.

LEVIN H. CAMPBELL, Circuit Judge (concurring).

I concur less because I have any fear that Mr. Sint was unfairly treated than

1. To the extent that Bilokumsky v. Tod, 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed. 221 (1923), cited in concurrence, could be read to place the burden of going forward on a defendant in a deportation proceeding, it may be inapposite now that the government must sustain a "clear, unequivocal, and convincing" burden of proof.

2. This decision makes unnecessary our consideration of the question whether the successful establishment of alienage may, consistent with the purpose of the Immigration and Nationality Act and the requirements of the Constitution, impose upon a respondent the burden of explaining the time, place and manner of entry, and, that failing, raise a presumption of unlawful entry. *See* 8 U.S. C. § 1361 (1970).

because I think the United States Government should not be bailed out from the need to present an adequate *prima facie* case where the matter to be proven is so patently simple and within its power to prove. We should not encourage the cutting of corners by an agency having such significant responsibilities. On the other hand I have little sympathy for Sint's claim that he was fouled when he has not even had the candor to state whether or not he *claims* to be a citizen. Had the Government's case rested on matters which it could not readily be expected to prove from its own stock of information, I would require Sint at least to go through the motions of telling us that he believes he has a colorable claim to citizenship before wasting our time with his complaint. *Cf. Bilokumsky, supra.*