## MATTER OF TAMAYO

### In Deportation Proceedings

### A-31281888

*Decided by Board August 19, 1975*

Since, under the provisions of 29 CFR 60.5, the validity of a labor certification is limited to the particular job described in the job offer portion of the labor certification, respondent, who at the time he obtained his visa knew that the job offer in support of the labor certification had been withdrawn, and who nevertheless proceeded to the United States and obtained other employment, is deportable under section 241(a)(1) of the Immigration and Nationality Act for lack of a valid labor certification under section 212(a)(14) of the Act, as amended, at time of entry, notwithstanding the employment with a different employer,was in the same occupation, and was located in what may be considered by the Department of Labor to be the same geographic employment region, as the employment specified in the job offer.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry under section 212(a)(14)—no valid labor certification

ON BEHALF OF RESPONDENT:
Esther M. Kaufman, Esquire
1823 L Street, N.W.
Suite 102
Washington, D.C. 20036

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

The alien respondent, a native and citizen of Colombia, has appealed from the finding of deportability made by an immigration judge in a decision dated June 18, 1973. The appeal will be dismissed.

The respondent was admitted to the United States in January of 1971 as an immigrant. His admission was in part predicated on his possession of a labor certification issued in September of 1969. The Service contends that the respondent's labor certification was not valid on the date of his admission to the United States. The Service therefore argues that the respondent is now deportable as an alien who was excludable at entry under section 212(a)(14) of the Immigration and Nationality Act.

The respondent's labor certification was issued on the basis of a job offer which he received to work as a weaver for Bay State Mills, Inc. in Holyoke, Massachusetts. In a letter dated September 15, 1970, and addressed to the United States Consulate in Colombia, Bay State Mills

confirmed the existence of the job offer. However, the respondent has testified that he received word in November of 1970, while he was still in Colombia, that there was no longer a position available for him with Bay State Mills.

The respondent, however, did not convey this information to the consular official in Colombia. His immigrant visa, introduced into evidence as Exhibit 2, indicates that it was issued on December 7, 1970, shortly *after* the respondent had received word that the job offer had been withdrawn.

Although the respondent did not have a job awaiting him in the United States, he nevertheless decided to journey here. The respondent has testified that he was unemployed in Colombia at the time, and that he contacted a friend in Rhode Island who encouraged him to come to the United States by offering to assist the respondent in finding a job.

The respondent was admitted to the United States on January 9, 1971. Three days later he commenced employment as a weaver with Cadillac Textiles, Inc. of Cumberland, Rhode Island. He had been employed there ever since.

The record establishes that upon his arrival in the United States the respondent did not intend to seek work at Bay State Mills, his only certified employer. He did not present himself for work at Bay State Mills in Holyoke, Massachusetts, and he has never worked for that employer. The respondent, however, contends that the labor certification issued for employment with Bay State Mills is also applicable to his employment in the same occupation with a different employer.

The vice president in charge of manufacturing for Cadillac Textiles testified in behalf of the respondent at the hearing. He indicated that his firm was in need of weavers at the time the respondent was hired. The witness also testified that Cadillac Textiles has on occasion filed for labor certification on behalf of other alien workers. Labor certification applications filed by Cadillac Textiles, however, have not been successful since April of 1970.

In denying labor certification applications submitted by Cadillac Textiles, the Department of Labor at times has evidently considered the New England region of Massachusetts, Connecticut and Rhode Island to be the area from which Cadillac Textiles could expect to find available employees. It is primarily on the basis of this fact that the respondent contends that his labor certification covered his employment with Cadillac Textiles.

Section 212(a)(14) in part requires a finding that there are not sufficient workers available "at the place to which the alien is destined" before the Department of Labor may issue a labor certification. Counsel argues that the word "place" as used in section 212(a)(14) means the geographic region of the alien's prospective employment, and that the

statute does not authorize the Department of Labor to limit the applicability of a labor certification to one particular job. Counsel therefore contends that the respondent's labor certification for employment as a weaver in Holyoke, Massachusetts was also valid for employment as a weaver in Cumberland, Rhode Island, because these two locations are considered by the Department of Labor to be within the same employment region. We reject this contention.

The pertinent Department of Labor regulation, 29 CFR 60.5, in effect at the time the respondent received his labor certification and at the time of his admission to the United States provided:

> Certifications issued pursuant to this part are invalid if the representations upon which they are based are incorrect. They are applicable only to the positions as described in the Form ES–575–B or as defined in the applicable schedule.

We have interpreted the second sentence of this regulation as limiting the validity of the labor certification to the particular job described in the Form ES–575–B, which is the job offer portion of the labor certification application. *Matter of Fotopoulos*, 13 I. & N. Dec. 847 (BIA 1971 & 1972); *Matter of Welcome*, 13 I. & N. Dec. 352 (BIA 1969); *Matter of Paco*, 12 I. & N. Dec. 599 (BIA 1968). The current version of this regulation also fails to support the respondent's contentions. The relevant portion of 29 CFR 60.5(e) presently states:

> The validity of: . . . (3) a labor certification issued pursuant to § 60.3(c) shall be limited to the particular job and geographic location set forth on the Job Offer for Alien Employment form.

The Form ES–575–B attached as part of the respondent's immigrant visa describes a job with Bay State Mills, Inc. in Holyoke, Massachusetts. This is the position to which the respondent's labor certification was applicable. The respondent's employment with Cadillac Textiles in Cumberland, Rhode Island was *not* covered by this labor certification.

Counsel asks that we recede from our prior decisions, and that we not apply the quoted language of 29 CFR 60.5 Counsel, in making this request, argues that 29 CFR 60.5 presents an unreasonably narrow interpretation of the word "place" as used in section 212(a)(14) of the Act. As indicated, it is counsel's contention that the "place" referred to in section 212(a)(14) is the general region of the alien's prospective employment.

The regulation, however, is binding on us, *Matter of Bilbao-Bastida*, 11 I. & N. Dec. 615 (BIA 1966), aff'd *Bilbao-Bastida v. INS*, 409 F.2d 820 (C.A. 9, 1969), cert. denied, 396 U.S. 802 (1969); *Matter of Tzimas*, 10 I. & N. Dec. 101 (BIA 1962), and, in any event, we are not the proper forum in which to challenge its validity. Cf. *Matter of Swissair Airlines Aircraft "Flight #164,"* 15 I. & N. Dec. 291 (BIA 1974). Further-

more, we are not convinced that the regulation presents an unreasonable interpretation of the statute. We adhere to our prior decisions.

The respondent's labor certification was valid only for the job with Bay State Mills as described in the job offer (Form ES-575-B) which was submitted to the Department of Labor. At the time the respondent obtained his visa, and at the time he entered the United States, he knew that the certified job was no longer available. Deportability has been established by clear, convincing and unequivocal evidence.

The decision of the immigration judge was correct. The appeal will be dismissed.

[1] ORDER: The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.

[1] Board Member Irving A. Appleman abstained from consideration of this case.