**Paul SPYROPOULOS, et al., Petitioners,**

**v.**

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

No. 77–1388.

United States Court of Appeals,
First Circuit.

Argued Oct. 6, 1978.

Decided Dec. 18, 1978.

Stanley R. Lapon, Cambridge, Mass., with whom Joseph F. Flynn, Jr., and Lapon, Flynn, Clark & Schapiro, Cambridge, Mass., were on brief, for petitioners.

Susan M. Bourque, Atty., Dept. of Justice, with whom Philip Wilens, Chief, Government Regulations and Labor Section, Crim.Div., and James P. Morris, Atty., Dept. of Justice, Washington, D. C., were on brief, for respondent.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

Petitioner Paul Spyropoulos seeks review of a decision of the Board of Immigration Appeals finding that he was excludable at the time of his entry into the United States and therefore deportable. The Board upheld a decision of an immigration judge that petitioner was inadmissible at the time of entry under section 212(a)(14) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1182(a)(14), as an alien seeking to enter for the purpose of performing skilled or unskilled labor without first obtaining the proper certification from the Secretary of Labor. Aliens excludable at the time of entry are deportable under section 241(a)(1) of the Act, 8 U.S.C. § 1251(a)(1). Upon a review of the record as a whole, we find the decision of the Board is supported by reasonable, substantial and probative evidence. We affirm.

The record discloses that petitioner, a Greek national with Canadian citizenship, obtained a job offer to work as a cabinetmaker in Washington, D. C., through an employment agency in Montreal. Based upon this offer, petitioner obtained a labor certificate from the Secretary of Labor, allowing him to enter the United States to take the specific job certified. 8 U.S.C. § 1182(a)(14). Petitioner then applied for a visa. The consulate in Montreal informed petitioner that he should bring a letter from his prospective employer indicating that his job was still available when he reported for his visa. Petitioner's employment agency agreed to write the prospective employer, but at the time of petitioner's visa interview he had received no response from Washington. The United States Consul nevertheless issued a visa for entry as a permanent resident.

Petitioner entered the United States, accompanied by his wife and family, on July 2, 1973. He proceeded directly to Lynn, Massachusetts, where he stayed with his cousin. Two or three days after his arrival, petitioner prevailed upon his cousin to write to the certified employer in Washington to inform the firm that petitioner was ready, willing, and able to begin work.[1] On July 11, 1973, petitioner began employment as a woodworker in Massachusetts. Some two or three weeks after petitioner's entry, his

---

1. Petitioner speaks but cannot write English.

cousin again wrote to the certified employer. The employer did not answer either letter. In August of 1973 petitioner began work as a machinist in Massachusetts, which employment continued through the time of deportation hearings.

The immigration judge and the Board both found that petitioner knew or should have known that there were problems with his certified job offer before he left Canada; that he failed to report for work at his certified job; and that he failed to take reasonable steps to determine whether or not the certified job was still available.[2] Instead, petitioner almost immediately took up uncertified employment. The Board found that these facts amounted to clear, unequivocal, and convincing evidence that petitioner was excludable under section 212(a)(14) of the Act, i. e., that petitioner entered to perform uncertified labor.

■ Petitioner now makes a number of arguments that can be reduced to two grounds to challenge the Board's decision.[3] First, petitioner claims that the Board's decision amounted to an unauthorized collateral review of his labor certificate and thus an illegal encroachment upon the domain of the Secretary of Labor. Second, petitioner challenges the sufficiency of the evidence to support the Board's findings.[4]

■ Petitioner's first argument is based upon *Castaneda-Gonzalez v. INS*, 183 U.S. App.D.C. 396, 564 F.2d 417 (1977). The INS has decided to acquiesce in the District of Columbia's Circuit's decision that immigration authorities are powerless to review the validity of the Secretary of Labor's decision to certify a particular alien for a particular job. Petitioner argues that the Board's decision in the case at bar amounts to a determination that the labor certification supporting his entry visa was invalid. If such is the case, petitioner reasons, the INS must prove that he obtained his visa by fraud or by willfully misrepresenting a material fact, a completely independent ground for exclusion under 8 U.S.C. § 1182(a)(19). *Castaneda-Gonzalez* indicates that the INS must meet this standard when it attacks a labor certificate.

At appellee's request, we remanded this case to the Board for reconsideration of its original decision in the light of *Castaneda-Gonzalez.* We agree with the Board's conclusion that the case at bar is distinguishable. *Castaneda-Gonzalez* involved a determination that the immigrant was not qualified for the certified job and that the certificate was therefore invalid. An immigrant's qualifications for a job may well be the exclusive concern of the Secretary of Labor. Such is not the issue here. As the Board pointed out in reaffirming its original decision, petitioner in this case may have had a valid certificate for a job in Washington, but the evidence shows that he did not intend to take that job. Therefore, he entered to do uncertified labor, and a

---

**2.** The Board found that petitioner failed to telephone or send a certified letter to his certified employer or to take any other steps indicating a real desire to take the certified employment. We disagree with petitioner's contention that there is no evidence in the record to support these findings. Petitioner's sworn statement during the preliminary investigation indicates that he merely wrote letters and then waited for the certified employer to call him.

**3.** We dismiss as frivolous petitioner's third argument that the Order to Show Cause and Notice of Hearing gave him insufficient notice of the charges against him. Petitioner claims that the Notice failed to inform him of the allegation that he knew of problems with the job before entry. The Notice expressly put in issue his entry to take uncertified employment and his failure to take the certified job. Such Notice clearly encompasses his intent as to the certified job at the time of entry. Indeed, petitioner's attorney wrote the prospective employer to determine the status of the certified job shortly before the deportation hearing. This indicates to us an awareness that what had happened to the job after it was offered prior to entry would be an issue.

**4.** Although petitioner couches many of his arguments in terms of erroneous legal standards allegedly applied by the Board, we do not read the Board's opinion as creating any absolute legal requirements to validate a labor certificate. Rather, the Board found a number of facts, such as failure to report for the certified job, all of which added up to clear and convincing evidence of lack of intent to take certified employment. As discussed below, intent at the time of entry is the appropriate legal question.

**4**

decision that he is deportable in no way impugns the Secretary of Labor's decision to certify him for work in Washington. Accordingly, the INS need not prove that fraud or willful misrepresentation was used to procure the certificate because the validity of the certificate is not at issue.

 Petitioner's challenge to the evidentiary basis supporting the Board's decision has more merit. In a deportation proceeding, the government's burden of proof requires that it show "by clear, unequivocal, and convincing evidence that the facts alleged as grounds for deportation are true." *Woodby v. INS*, 385 U.S. 276, 286, 87 S.Ct. 483, 488, 17 L.Ed.2d 362 (1966). Were we sitting as an original finder of fact, we might give credence to petitioner's claims that he went to Massachusetts only because he had no lodgings for his family in Washington and that he fully intended to take the certified job when he entered the country. If the immigration judge and the Board have applied the proper burden of proof, however, our review is limited to determining whether the facts found below are supported by reasonable, substantial, and probative evidence on the record considered as a whole. 8 U.S.C. § 1105a(a)(4); *Woodby v. INS, supra,* 385 U.S. at 283–84, 87 S.Ct. 483; *Sint v. INS,* 500 F.2d 120 (1st Cir. 1970); 2 C. Gordon & H. Rosenfield, Immigration Law & Procedure § 8.11(c) (Supp.1977). Because the government cannot usually obtain direct evidence of intent at the instant an immigrant crosses the border, the immigration judge and the Board must be permitted to draw inferences from actions and knowledge of the immigrant before and after entry.

The Board has held in the past that failure to report for a certified job, when accompanied by immediate employment in uncertified work, gives rise to a strong inference of lack of intent to take the certified job. *Matter of Fotopoulos,* 13 I & N Dec. 847 (BIA 1972); *Matter of Santana,* 13 I & N Dec. 363 (BIA 1969). Clearly, when an alien learns that the certified job is no longer available prior to entry, he enters without intent to take the certified job.

*Matter of Welcome,* 13 I & N Dec. 352 (BIA 1969). On the other hand, when an alien reports for work and leaves the certified job for a legitimate reason shortly thereafter, the Board has found no lack of requisite intent. *Matter of Cardoso,* 13 I & N Dec. 228 (BIA 1969); *Matter of Marcoux,* 12 I & N Dec. 827 (BIA 1968); *Matter of Klein,* 12 I & N Dec. 819 (BIA 1968). In all cases where failure to take a certified job has not supported a finding of deportability, however, the alien has at least reported for work. In the case at bar, the alien not only failed to take the certified job and immediately took up other employment but also ignored indications that there were problems with the job opening before entry and made what the Board could reasonably conclude were at best half-hearted attempts to find out about the job after entry. We think this is substantial evidence to support a finding of lack of intent to take the certified job.

The status of petitioner's wife and child is concededly dependent upon his labor certification. Accordingly, the foregoing discussion also disposes of their appeals.

*The decision of the Board of Immigration Appeals is affirmed.*