# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60256
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2018

Lyle W. Cayce
Clerk

WILSON D. CORREA, also known as Wilson Dario Correa Garcia,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A043 027 194

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Wilson D. Correa, a native and citizen of Colombia, challenges the Board of Immigration Appeals' (BIA) determination that he is ineligible for a waiver of removability under 8 U.S.C. § 1227(a)(1)(H).  In late 1991, Correa applied for an immigrant visa but failed to disclose on his application a July 1991 drug conviction in the United States; he was admitted to the United States as a lawful permanent resident.  He later traveled abroad and, upon his return, was

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-60256

paroled into the United States. The Government then charged him with removability under 8 U.S.C. § 1227(a)(1)(A) as an alien who, at the time of his entry or adjustment of status, was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i). That section states: "Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible". Correa conceded removability but sought a waiver under 8 U.S.C. § 1227(a)(1)(H), which was denied.

We review the decisions of both the BIA and the immigration judge because the BIA approved of, and relied upon, the immigration judge's decision. *See Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Whether an alien is statutorily eligible for a waiver of removal is a question of law reviewed *de novo*, "deferring to the BIA's interpretation of the statutes and regulations it administers". *Vasquez-Martinez v. Holder*, 564 F.3d 712, 715 (5th Cir. 2009).

Section 1227(a)(1)(H) provides: an alien shall be eligible for a waiver of "[t]he provisions of this paragraph relating to the removal of aliens within the United States on the ground that they were inadmissible at the time of admission as aliens described in [8 U.S.C. §] 1182(a)(6)(C)(i)", including procuring a visa by fraud, if the alien was, *inter alia*, "otherwise admissible to the United States at the time of such admission except for those grounds of inadmissibility specified under paragraphs (5)(A) and (7)(A) of section 1182(a) of this title which were a direct result of that fraud or misrepresentation". In other words, the § 1227(a)(1)(H) waiver is not available unless, subject to exceptions not relevant here, the alien was "otherwise admissible" and meets other requirements.

No. 17-60256

According to Correa, a plain reading of § 1227(a)(1)(H) provides a waiver for all grounds of inadmissibility or removability resulting from the fraud that rendered an alien inadmissible at the time of admission or adjustment of status. Under Correa's interpretation, § 1227(a)(1)(H) would not only waive his removability arising from his 1991 misrepresentation in his visa application, but also his inadmissibility that results from the 1991 drug conviction that was the subject of that misrepresentation. This interpretation would lead to the illogical result that the fraud waiver "waives a substantive ground for deportation . . . if the alien can affirmatively prove his fraudulent intent at the time of entry, but grants no relief to aliens" similarly situated "who are unable to satisfactorily establish their dishonesty". *Reid v. INS*, 420 U.S. 619, 629 (1975). Such a reading is untenable and ignores the requirement that an alien be "otherwise admissible" to be eligible for the waiver. *See, e.g.*, *de Vargas v. INS*, 409 F.2d 335, 338 (5th Cir. 1968).

At the time Correa submitted his fraudulent application, he was otherwise inadmissible due to a substantive ground of exclusion, *i.e.*, as an alien who had been convicted of a controlled substance offense. 8 U.S.C. § 1182(a)(2)(A)(i)(II). Accordingly, the BIA's determination that the § 1227(a)(1)(H) waiver was statutorily unavailable to Correa was correct. *See Reid*, 420 U.S. at 629–31; *de Vargas*, 409 F.2d at 338.

DENIED.