276 F.2d 483
 Artemios NTOVAS, Plaintiff-Appellant,
v.
Edward P. AHRENS, District Director, Immigration and Naturalization Service of the United States Department of Justice, Chicago District, Defendant-Appellee.
 No. 12832.
 United States Court of Appeals Seventh Circuit.
 April 8, 1960.
 Rehearing Denied May 9, 1960.
 
 Marshall A. Patner, Chicago, Ill., for appellant.
 Robert Tieken, U. S. Atty., Elmer M. Walsh, Jr., Chicago, Ill. (John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., of counsel), for appellee.
 Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 Pursuant to § 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, Artemios Ntovas, plaintiff, filed in the district court a complaint for judicial review of deportation proceedings brought against him by Edward P. Ahrens, district director, Immigration and Naturalization Service of the United States Department of Justice, Chicago district, defendant herein, and praying for vacation of an order for his deportation. The district court dismissed the complaint and entered judgment for defendant on the pleadings. This appeal by plaintiff followed.
 
 
 2
 Plaintiff, a crewman, entered the United States at Portland, Oregon, following an inspection by an officer of the Immigration Service, which issued to him a conditional landing permit pursuant to 8 U.S.C.A. § 1282 for a period of time not exceeding 29 days. This permitted plaintiff to remain in the United States until February 17, 1957. However, plaintiff did not depart and has since remained in the United States. Defendant contends that plaintiff's stay since February 17, 1957 has been without authority. Plaintiff denies this contention and seeks to avoid the application of § 1251(a) (2), which reads:
 
 
 3
 "(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who —
 
 
 4
 * * * * * *
 
 
 5
 "(2) * * * is in the United States in violation of this chapter or in violation of any other law of the United States;"
 
 
 6
 He seeks such avoidance by the unique method of charging himself with an undisclosed fraud committed when he entered the country in that upon entry he actually intended to remain permanently. Rather than be deported for overstaying his expired permit, he asserts that in his mind he committed a fraud. He now is willing to confess this secret fraud because he believes thereby he can put himself in a position to invoke the provisions of 8 U.S.C.A. § 1251a (which is known as Public Law 85-316, § 7) approved September 11, 1957, which are:
 
 
 7
 "The provisions of section 1251 of this title relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as (1) aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation, * * * shall not apply to an alien otherwise admissible at the time of entry who (A) is the spouse * * * of an alien lawfully admitted for permanent residence; * * *. After September 11, 1957, any alien who is the spouse * * * of an alien lawfully admitted for permanent residence and who is excludable because (1) he seeks, has sought to procure, or has procured, a visa or other documentation, or entry into the United States, by fraud or misrepresentation, or (2) he admits the commission of perjury in connection therewith, shall on and after September 11, 1957, be granted a visa and admitted to the United States for permanent residence, if otherwise admissible, if the Attorney General in his discretion has consented to the alien's applying or reapplying for a visa and for admission to the United States."
 
 
 8
 The fallacy of plaintiff's contention lies in the fact that the order for his deportation is not based upon any charge of fraud or misrepresentation.[1] It is based upon his overstaying the time allotted to him by his 29 day permit. In the administrative proceedings the ground selected and relied upon by the government was not fraud or misrepresentation and plaintiff has not the power to substitute for his own convenience a ground not involved in the deportation proceedings. Whether or not he subjectively harbored an intent to commit fraud is a matter between him and his conscience. It was in no way involved in the deportation proceedings and it is not germane here.
 
 
 9
 For these reasons, the judgment of the district court is affirmed.
 
 
 10
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 The charges of fraud and misrepresentation referred to in the Act of September 11, 1957, above-quoted, in part, refer to that part of § 241, embodied in 8 U.S. C.A. § 1251(c), which in turn refers to 8 U.S.C.A. § 1182(a) (19)