Paraskevi TSACONAS, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 16451.

United States Court of Appeals
Seventh Circuit.

June 25, 1968.

---

Melvyn E. Stein, Chicago, Ill., for petitioner.

Thomas A. Foran, Edward V. Hanrahan, U. S. Attys., Chicago, Ill., for respondent; John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before SCHNACKENBERG, KILEY and FAIRCHILD, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Paraskevi Tsaconas, petitioner, filed a petition for review, pursuant to 8 U.S.C. 1105a, of an order of the Immigration and Naturalization Service requiring her departure from the United States. The order was entered August 8, 1967, following deportation hearings and provides that petitioner voluntarily depart the United States, or for her deportation from the United States to Greece in the event of her failure to voluntarily depart. Her appeal to the Board of Immigration Appeals was dismissed, and this petition followed.

Petitioner is a 38-year-old female alien and citizen of Greece who entered the United States at Detroit, Michigan as a nonimmigrant visitor for pleasure on October 14, 1965. She was accompanied by her two children who entered on the application for a preference visa filed by her divorced husband. Petitioner was granted permission to remain in the United States until April 13, 1966, a period of six months. She did not depart the United States then and thereafter was served by registered mail with an order dated February 27, 1967 to show cause for remaining beyond her authorized stay of six months, at a hearing to be held March 6, 1967. According to the record, petitioner and her counsel appeared on March 6, 1967 and objected to the hearing, since published regulations of the Service state that such an order will call upon the respondent to appear at a hearing not less than seven days after service of the order. Thereupon, on March 6, 1967, the hearing was continued to March 22, 1967, by the special inquiry officer, with the concurrence of counsel for petitioner, in order that petitioner might have time to prepare a defense on the merits.

On April 6, 1967, the hearing was convened and the charges in the order to show cause were admitted to be true and the deportability was conceded. However, counsel for petitioner adduced evidence that she did not have seven days statutory notice as required by the regulations and further that she was entitled

to relief under § 241(f).[1] On June 9, 1967, the special inquiry officer denied relief under that section as well as termination of the proceedings, but, in view of the fact that petitioner had two minor children who were lawful permanent residents of the United States, he granted petitioner the privilege of voluntary departure.

From the adverse rulings of the special inquiry officer and approval by the Board of Immigration Appeals, petitioner here urges that the proceedings for her deportation be terminated or in the alternative that her immigrant status be "regularized pursuant to law."

1. Petitioner's contention that the proceedings must be terminated because the Service did not adhere to the seven-day statutory notice is based upon the fact that her attorney did not receive notice of the proceedings by regular mail until March 3, 1967. For obvious reasons, this contention is without merit. The record shows that petitioner was served on February 27, 1967 by registered mail. The Government is right, with respect to this point, that under applicable regulations, "Service by mail is complete upon mailing." 8 C.F.R. 242.1 (b), and that there is no requirement that counsel for petitioner be served. Further, it is not necessary for us to consider whether or not error occurred in this respect as counsel for petitioner was allowed 30 days in which to prepare a defense on the merits. The cases cited in support are inapposite. See United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954); Bridges v. Wixon, 326 U.S. 135, 65 S.Ct. 1443, 89 L.Ed. 2103 (1945); and Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957).

2. Petition further seeks avoidance of voluntary departure or deportation by claiming the necessary familial relationship to a United States citizen or lawful permanent resident, as required by § 241(f). Counsel argues that petitioner has two minor children both of whom are lawful permanent residents of the United States and dependent upon her for support. It is argued that § 241(f) was promulgated to accord people such as the petitioner relief, where, as here, petitioner has been ordered to leave the United States and to do so would require that the children remain, or be taken with her thereby jeopardizing their permanent resident status.

However, examination of this section convinces us that the alien seeking its relief must have obtained entry and permanent residence originally through fraud or misrepresentation before this section is applicable. In Immigration and Naturalization Service v. Errico, 385 U.S. 214, 87 S.Ct. 473, 17 L.Ed.2d 318 (1966), this is the interpretation given by the Court in reviewing the congressional purpose of its enactment.

In order to reach petitioner's conclusion, it is necessary to assume contrary to the order to show cause, and the record herein, that the petitioner gained her entry into the United States in October 1965 by misrepresenting her intention to enter and remain as a temporary visitor for pleasure. This we cannot do. In Ntovas v. Ahrens, 7 Cir., 276 F.2d 483 (1960) in connection with § 1251a(2) of the Immigration Act, we held that petitioner

" * * * has not the power to substitute for his convenience a ground not involved in the deportation proceedings. Whether or not he subjectively harbored an intent to commit fraud is a matter between him and his conscience."

1. § U.S.C. § 1251(f):
    The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence.

We agree with the government that this case is controlling here.

Further, counsel for petitioner does not contend that petitioner entered the United States by fraud or misrepresentation nor was any evidence of this fact adduced by petitioner's counsel from which that conclusion may be inferred. Standing alone, a familial relationship is insufficient. Immigration and Naturalization Service v. Errico, supra, 385 U.S. page 224, 87 S.Ct. 473.

Accordingly, the decision of the Board of Immigration Appeals is affirmed.

Affirmed.