Ernest Werner LOOS, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 16551.

United States Court of Appeals
Seventh Circuit.

Feb. 19, 1969.

Rehearing Denied March 24, 1969.

Nathan T. Notkin, Chicago, Ill., for petitioner.

Thomas A. Foran, U. S. Atty., John Peter Lulinski, Chicago, Ill., for respondent.

Before CASTLE, Chief Judge, KILEY and KERNER, Circuit Judges.

KILEY, Circuit Judge.

This is a petition to review and set aside an order of the Immigration and Naturalization Service (INS) for deportation of petitioner Loos should he not voluntarily depart from the United States. We affirm.

Loos, a native of Argentina, South America, was originally admitted to the United States for permanent residence August 3, 1940. He registered for military service with Local Board No. 1, Union County, Summit, New Jersey. On July 30, 1947, he departed from the United States and lived in Switzerland until 1959. He was readmitted to the United States for permanent residence September 14, 1959. He left the United States for a six weeks vacation in 1963 and re-entered the United States the same year.

On November 24, 1965, an Order to Show Cause and Notice of Hearing issued ordering his appearance before a Special Inquiry Officer to show cause why he should not be deported.

The Inquiry Officer determined that Loos was permanently ineligible for United States citizenship under the Immigration and Naturalization Act, 8 U.S.C. § 1101 *et seq.*—having applied for, and having received an exemption from military service as an alien under a IV–C classification [1]—was excludable under Sec. 212(a) (22) of the Act, 8 U.S.C. § 1182(a) (22) [2], when he re-entered the United States in 1959, and was therefore deportable under Sec. 241 (a) (1) of the Act, 8 U.S.C. § 1251(a) (1). [3]

On review, the Board of Immigration Appeals affirmed. Loos filed a petition for review in this court, and the court, on the government's motion, remanded the case to the INS for reconsideration under standards of proof set forth in Woodby v. INS, 385 U.S. 276, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966). The Board of Immigration Appeals reconsidered and again affirmed tthe decision of the Special Officer. The petition before us followed.

■ The substance of Loos' theory on appeal is that he was not exempted from service under a IV–C classification, but was exempted under a IV–F classification. The point is crucial for him because a IV–C exemption would bar him permanently from citizenship, whereas a IV–F exemption would not. He argues that the record does not show he was actually given a IV–C exemption and therefore Sec. 1426(a) does not apply to bar him from citizenship under the ruling in Application of Mirzoeff, 253 F.2d 671 (2d Cir. 1958). In support of this, he argues that his application for the IV–C classification was ignored; that he was given a physical examination by his local board, needless for a IV–C status, but needed for IV–F; and that his local board actually classified him IV–F, as shown by a letter in evidence, because of an old back injury.

The record clearly shows his application for IV–C classification was not ignored. Actually there is substantial evidence supporting the Board's finding

1. § 1426(a) * * * [A]ny alien who applies or has applied for exemption or discharge from training or service in the Armed Forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is or was relieved or discharged from such training or service on such ground, shall be permanently ineligible to become a citizen of the United States.

2. § 1182
(a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:
    *     *     *     *     *
(22) Aliens who are ineligible to citizenship, except aliens seeking to enter as nonimmigrants; or persons who have departed from or who have remained outside the United States to avoid or evade training or service in the armed forces in time of war or a period declared by the President to be a national emergency, except aliens who were at the time of such departure nonimmigrant aliens and who seek to reenter the United States as nonimmigrants;
    *     *     *     *     *

3. § 1251(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—(1) at the time of entry was within one or more of the classes of aliens excludable by the law existing at the time of such entry;
    *     *     *     *     *

that Loos' application for that classification was granted.

At the remandment hearing, the INS Order to Show Cause was amended to allege that the alienage exemption was granted, by the Selective Service System, for the period May 22, 1944, to April 27, 1945. Originally the charge was merely that he had applied.

The Director of the Selective Service System transmitted to the INS an application dated August 23, 1943, signed by Loos, for relief from military service under Sec. 305(a), Selective Service and Training Act of 1940.[4] Among other statements made by Loos in the application were: "I understand that the making of this application * * * will debar me from becoming a citizen of the United States,"[5] and "I have not filed a declaration to become a citizen of the United States." The application was granted and Loos was classified IV–C, a status that actually exempted him from military service from May 22, 1944, to April 27, 1945, on the ground of his alienage. The records of the Selective Service System are "conclusive" proof of the allegation. 8 U.S.C. § 1426(b)[6]

There is in the record a letter from the New Jersey Selective Service Headquarters which lists a IV–F classification for Loos. The Board of Appeals, however, found that the letter also showed the Headquarters records had been destroyed and that the letter did not indicate the basis of the statement that Loos had been classified IV–F. The Board decided that this letter and Loos' "incomplete memory" of events were insufficient to support a finding that he was relieved from military service because of the IV–F classification—since the official records of the Selective Service System show no such classification but show conclusively the exemption under the IV–C classification. We conclude the Board did not err in finding an insufficiency of evidence of a IV–F classification in the light of the conclusive proof of the IV–C classification.

The government has sustained its burden of proof under the standard of Woodby v. INS, 385 U.S. 276, 277, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966), by producing clear, unequivocal and convincing evidence. This precludes Loos from United States citizenship under Sec. 1426 by virtue of the relief granted him on his alienage exemption IV–C classification. Loos' reliance on In re Naturalization of Fabbri, 254 F.Supp. 858 (E.D. Mich.1966), is misplaced. There, in a naturalization proceeding, the district court, on the record of the State of Michigan Selective Service System, decided that Fabbri's IV–C classification had been nullified, since he had been examined, classified IV–F, and later IV–A. Fabbri's petition for naturalization was allowed. And in United States v. Bazan, 97 U.S.App.D.C. 108, 228 F.2d 455 (D.C. Cir. 1955), the court said there was no evidence in the record to support the Examiner's recommendation that Bazan's petition for naturalization should be denied. The court affirmed the district court's granting of the petition. In the case before us, however, there is the necessary evidence.

There is no merit to Loos' claim that Sec. 1426 does not apply to him because he was "mistakenly" advised by a Dr. Wolf, "a member of the draft board," that he could possibly be drafted despite

---

4. § 305(a). Exceptions, exemptions, or deferments from training and service.

[P]ersons in other categories to be specified by the President, residing in the United States, who are not citizens of the United States, and who have not declared their intention to become citizens of the United States, * * * shall be relieved from liability for train-

ing and service * * *. (50 U.S.C. App. (1944 ed.) 305(a)).

5. Under 8 U.S.C. § 1426.

6. § 1426(b) The records of the Selective Service System or of the National Military Establishment shall be conclusive as to whether an alien was relieved or discharged from such liability for training or service because he was an alien.

his back injury and that the only sure way to avoid the draft was to apply for the alienage exemption. We shall assume, for purpose of this claim, that the advice is relevant. In the first place, Dr. Wolf was not a member of Loos' local draft board. In the second place, the doctor did nothing more than advise Loos on the correct draft situation. He merely advised Loos that it was possible to get drafted even with a bad back, and that the only sure way to avoid the draft was to apply for a IV–C alienage exemption. Loos followed the advice.

The decision in Moser v. United States, 341 U.S. 41, 71 S.Ct. 553, 95 L.Ed. 729 (1951), is of no aid to Loos for the reason, among others, that there the petitioner was incorrectly advised by the Swiss Legation to claim exemption as an alien. The United States State Department deleted the "express waiver of citizenship," and but for advice from the "highest authority" Moser would not have signed. Nor is In re Bouchage, 177 F.Supp. 887 (S.D.N.Y.1959), helpful to Loos. There a minor French citizen was misinformed by a member of *his* draft board that the only way to enlist in the French forces without relinquishing his French citizenship was to apply for alienage exemption.

Loos finally contends that if he is deportable as ineligible for citizenship under Sec. 1426(a), then he misrepresented to the American Consul in Switzerland in 1959 by stating that he was not "a person ineligible" for United States citizenship, and that therefore, because his wife and son are United States citizens, he should not be deported by reason of Sec. 241 (f) of the Act, 8 U.S.C. § 1251(f).[7]

We shall assume, without deciding, that Loos' statement to the American Consul constitutes a misrepresentation within the meaning of Sec. 1251(f).

However, Loos cannot receive protection of Sec. 1251(f). He was ordered deported, not because he perpetrated fraud or made a misrepresentation to the American Consul in Switzerland in 1959, but because he applied for and received an exemption from service in the armed forces, on the ground of alienage, in 1944. Section 1251(f) is applicable, by its express wording, only to deportation on the ground that the alien gained entry into the United States by fraud or misrepresentation. It applies only if the alien was "otherwise admissible" into the United States. Loos was not "otherwise admissible" in 1959, because he had prior to that time applied for and received an exemption from the armed services.

■ The contention of Loos, if accepted, would allow any deportable alien, once he has left this country, voluntarily or by deportation, who subsequently gains entry by fraud or misrepresentation, to be immune from deportation if he was a spouse, parent or child of a United States citizen. That construction, however, is much too broad. We read Sec. 1251(f) as applicable where a person could be deported *on the grounds* of entry gained by fraud or misrepresentation, and who, but for the fraud or misrepresentation, is "otherwise admissible" into the United States. See Ntovas v. Ahrens, 276 F.2d 483 (7th Cir.), cert. denied 364 U.S. 826, 81 S.Ct. 64, 5 L.Ed.2d 54 (1960); Gordon and Rosenfield, Immigration Law and Procedure § 4.7c(1) and cases cited therein.

Loos relies mainly on In re Yuen Lan Hom, 289 F.Supp. 204 (S.D.N.Y.1968). In that case, the INS conceded that petitioner Yuen Lan Hom was qualified in every respect, except for her misrepresentation, to acquire United States citizenship. In *Yuen Lan Hom,* petitioner

7. § 1251(f) The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence.

was "otherwise admissible." In this case, Loos is not "otherwise admissible."

For the reasons given, the petition to review and set aside the deportation order is denied.