Enrique HAMES–HERRERA, Plaintiff-Appellant,

v.

George K. ROSENBERG, District Director, Immigration and Naturalization Service, Defendant-Appellee.

No. 71–2749.

United States Court of Appeals, Ninth Circuit.

July 3, 1972.

Richard T. Griffin (argued), of Griffin, Griffin & Jackson, Pasadena, Cal., for plaintiff-appellant.

Carolyn Reynolds, Asst. U. S. Atty. (argued), Frederick M. Brosio, Jr., Asst. U. S. Atty., William D. Keller, U. S. Atty., Los Angeles, Cal., George K. Rosenberg, District Director, I&NS, Los Angeles, Cal., Stephen Suffin, I&NS, San Francisco, Cal., Joseph Surreck, I&NS, San Pedro, Cal., Will Wilson, Asst. Atty. Gen., Washington, D. C., for defendant-appellee.

Before KOELSCH, CARTER and WRIGHT, Circuit Judges.

JAMES M. CARTER, Circuit Judge.

This is an appeal from a judgment of the district court refusing to set aside an order of the District Director denying a stay of deportation pursuant to 8 C.F.R. § 243.4 and denying an application for a similar stay, made to the district court. The central question is whether appellant is protected from deportation under § 241(f) of the Immigration and Nationality Act, 8 U.S.C. § 1251(f). We affirm.

## FACTS

The basic facts are uncontroverted. Appellant is a citizen of Mexico. In 1953 he was convicted and incarcerated in Illinois for petty theft. In 1954 appellant was arrested and deported for illegal entry. In 1955, following another illegal entry, he was convicted in Oregon for the forgery of a bank check with intent to defraud. In May 1960 he fraudulently obtained a visa from an American Vice Counsul in Mexico for admission as a visitor, by falsely stating that he had never been deported, arrested or convicted of any crime. The stated purpose of his trip to the United States was to be with his wife. In 1963 he was convicted in the Central District of California for illegal re-entry into the United States after deportation and again deported.

On February 3, 1965, appellant's application for a waiver of the grounds of his inadmissibility—convictions involving moral turpitude and willful misrepresentation in obtaining an immigrant visa, § 212(a) (9) and (19) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a) (9) and (19)—was denied by the Attorney General pursuant to his authority under § 212(h) and (i), 8 U.S.C. § 1182(h) and (i).

On June 1, 1965, appellant entered the United States without a visa. On May 18, 1967, he was found deportable by a Special Inquiry Officer upon his admission that he had so entered the United States on June 1, 1965, without an immigration visa, for the purpose of remaining indefinitely in the United States. He challenged the finding of deportability, however, claiming derivative citizenship from his father. An order for deportation was entered and affirmed by the Board of Immigration Appeals.

He then filed a petition for judicial review in this Court in No. 22,685. On March 13, 1969, this Court transferred the case to the District Court, Central District of California, for de novo hearing on appellant's claim to American citizenship pursuant to § 106(a) (5) of the Act, 8 U.S.C. § 1105a(a) (5). The district court found, after a trial, that appellant had not established his claim. An order for summary affirmance of the final order of the Board of Immigration Appeals and judgment of the district court was made by the Court in No. 22,685. It is unreported.

When the Service sought to execute the warrant of deportation, appellant, on October 21, 1971, applied to the District Director for a stay of deportation. He sought to have the District Director exercise his discretionary power to grant a

stay. 8 C.F.R. § 243.4 permits such a stay where the District Director deems it appropriate. Appellant urged that his deportation be stayed until the processing of an immigration visa could be completed at an American Consulate in Mexico, alleging that his deportation would result in extreme financial hardship to his wife, an American citizen.

The District Director denied the stay on four grounds:

(1) That appellant's wife was qualified as a beauty operator, was still employed, and was able to work on a full-time basis, thus obviating any financial hardship;

(2) That appellant had sustained two convictions for crimes of moral turpitude and a conviction for illegal entry after deportation;

(3) That appellant obtained an immigrant visa form from an American Consul by willful misrepresentation of material facts (May 1960); and

(4) That appellant had not obtained the permission of the Attorney General to apply for re-admission after deportation.

On October 26, 1971, appellant brought the present action in the district court to review the District Director's decision. Appellant, at that time, made a new attack upon the Government's power to deport him, asserting that § 241(f) of the Act, relating to the deportation of relatives of United States citizens, protects him from deportation. From an adverse judgment of the district court, he appeals.

## THE IMMIGRATION LAWS

The central issue is whether § 241(f) of the Act, 8 U.S.C. § 1251(f), protects appellant from deportation. If this section does not prevent deportation, we must determine whether the District Director abused his discretion in not staying deportation until appellant could process his new visa application.

Several statutory sections are pertinent. § 212 of the Act, 8 U.S.C. § 1182, sets out general classes of aliens who are excluded from admission into the United States. § 212(a) (9), 8 U.S.C. § 1182(a) (9) provides for the exclusion of an alien convicted of a crime of moral turpitude. § 212(h), 8 U.S.C. § 1182(h), provides that an alien excludable under § 212(a) (9), 8 U.S.C. § 1182(a) (9), shall, if otherwise admissible, be admitted to the United States if it is established to the satisfaction of the Attorney General that (A) the alien's exclusion would result in extreme hardship to an American citizen spouse, and (B) if the Attorney General in his discretion has consented to the alien applying or re-applying for a visa for admission to the United States.

§ 212(a) (17) of the Act, 8 U.S.C. § 1182(a) (17), provides for the exclusion of an alien who has been arrested and deported unless the Attorney General has consented to the alien applying or re-applying for admission to the United States.

§ 212(a) (19), 8 U.S.C. § 1182(a) (19), provides for the exclusion of an alien who seeks to procure or has sought to procure, or has procured a visa or other documentation, or seeks to enter the United States, by fraud, or by willfully misrepresenting a material fact.

§ 241, 8 U.S.C. § 1251 sets out general classes of aliens present in the United States who may be deported. § 241(a) (1) of the Act, 8 U.S.C. § 1251(a) (1), incorporates the excludability grounds, as grounds for deportation. It states, "Any alien in the United States . . . shall, upon the order of the Attorney General, be deported who—(1) at the time of entry was within one or more of the classes of aliens excludable by the law existing at the time of such entry."

No consent from the Attorney General was obtained. An application for waiver of the disabilities under § 212(a) (9)

and (19) of the Act, 8 U.S.C. § 1182(a) (9) and (19) was denied.

§ 241(f), 8 U.S.C. § 1251(f), which appellant relies upon, states:

"The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence."

## DISCUSSION

It appears from the above that appellant was excludable and therefore deportable for at least two distinct reasons: (1) for convictions of crimes of moral turpitude, § 212(a) (9) of the Act, 8 U.S.C. § 1182(a) (9), which requires the Attorney General's consent to an application or re-application for a visa and admission to the United States, § 212(h) of the Act, 8 U.S.C. § 1182(h); (2) as an alien who had been arrested and deported, which likewise required the consent of the Attorney General for an application or re-application for admission, § 212(a) (17) of the Act, 8 U. S.C. § 1182(a) (17). No such consent as to either ground was ever obtained.

§ 241(f) of the Act, at best, only relieves appellant from deportation based upon his fraudulent entries. The section speaks only of fraud or misrepresentation and the words "otherwise admissible" do not wipe out the two grounds of excludability and deportability referred to *supra*. The cases of Lee Fook Chuey v. INS (9 Cir. 1971), 439 F.2d 244 and United States v. Osuna-Picos (9 Cir. 1971), 443 F.2d 907, relied on by appellant, are not controlling. In neither case did there exist separate grounds for deportation in addition to fraud in procuring a visa or admission.

In Velasquez–Espinosa v. INS (9 Cir. 1968), 404 F.2d 544, an alien was not "otherwise admissible" under § 241(f), 8 U.S.C. § 1251(f), where he was excludable for draft evasion under § 212(a) (22), 8 U.S.C. § 1182(a) (22). Because of the two grounds for deportability of the appellant, in our case, he was not "otherwise admissible" under § 241(f) of the Act.

Inasmuch as appellant is deportable, we need only determine whether the District Director abused his discretion in not staying deportation until appellant could process his new visa application. In Luk v. Rosenberg (9 Cir. 1969), 409 F.2d 555, we held that although it might be more convenient for the alien to process his new application for admission while in the United States, the District Director's denial of a stay was not an abuse of discretion. In the instant case the District Director stated further sufficient reasons why a stay would be inappropriate. We hold there was no abuse of discretion by the District Director in denying a stay and that the district court was correct in its decision.

This alien has had his full share of consideration by the Service and the courts. The seemingly unending proceedings in his matter must end. The judgment is affirmed and the mandate shall issue forthwith.