Lourdes **CABUCO-FLORES**, Petitioner,

v.

**IMMIGRATION & NATURALIZATION SERVICE**, Respondent.

Genevieve L. **MANGABAT**, Petitioner,

v.

**IMMIGRATION & NATURALIZATION SERVICE**, Respondent.

Nos. 72–1333, 72–1818.

United States Court of Appeals, Ninth Circuit.

April 13, 1973.

George Haverstick (argued), San Diego, Cal., for petitioner.

Charles Gordon, Asst. Atty. Gen. (argued), Crim. Div., Dept. of Justice, Washington, D. C., Harry D. Steward, U. S. Atty., Robert H. Filsinger, Asst. U. S. Atty., San Diego, Cal., Joseph Surreck, Regional Counsel, I&NS, San Pedro, Cal., Stephen Suffin, I&NS, San Francisco, Cal., for respondent.

Before BROWNING, HUFSTEDLER, and WALLACE, Circuit Judges.

BROWNING, Circuit Judge:

These petitions for review raise a common question under section 241(f) of the Immigration and Nationality Act, 8 U.S.C. § 1251(f), an ameliorative statute providing that in some circumstances fraud or misrepresentation by an entering alien who has close family ties with a citizen or lawfully admitted permanent resident may be waived as a ground for deportation.[1] The issue is whether section 241(f) applies to deportation of a temporary visitor on the ground that the visitor has overstayed the period authorized. We hold that it does not.

Both petitioners are aliens, citizens of the Philippine Islands. Each entered the United States as a nonimmigrant visitor for a stipulated period. After entry, each bore a child, a United States citizen by birth. Deportation proceedings were commenced against each on the ground that she had remained longer than permitted by her visa, and was therefore deportable under section 241(a)(2) of the Act, 8 U.S.C. § 1251(a)(2). Each defended on the ground that she was saved from deportation by section 241(f) because when she applied for her visitor's visa she fraudulently concealed an intention to remain in the United States permanently.

The Board of Immigration Appeals rejected the defense as to petitioner Mangabat on the ground that section 241(f) applies only to persons who enter as immigrants and not to those who enter as nonimmigrants. The Board rejected the defense as to petitioner Cabuco-Flores on the ground that her testimony established that she intended to remain permanently only if she could do so lawfully

[1]. Section 241(f) of the Act, 8 U.S.C. § 1251(f) reads:
The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documenta-tion, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence.

and thus failed to establish the requisite fraud.[2]

■ We sustain the deportation orders on another ground, namely, that the charge of remaining after the expiration of the period permitted by each petitioner's visitor's visa was not waived by section 241(f) because it did not depend directly or indirectly upon the asserted misrepresentation in obtaining the visa.

Literally, section 241(f) waives deportation of aliens only "on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation," in violation of section 212(a)(19), 8 U.S.C. § 1182(a)(19). The Supreme Court rejected a literal reading of section 241(f) in Immigration Service v. Errico, 385 U.S. 214, 217, 87 S.Ct. 473, 476, 17 L.Ed.2d 318 (1966), noting that by consistent administrative interpretation the section "waives any deportation charge that *results directly* from the misrepresentation regardless of the section of the statute under which the charge was brought" (emphasis added).

■ Thus, while not limited to the single ground for deportation found in section 212(a)(19), section 241(f) is properly invoked only when the fraud is "germane to the charge" upon which deportation is sought, Muslemi v. Immigration & Naturalization Service, 408 F.2d 1196, 1198 (9th Cir. 1969) (*see also* Hames-Herrera v. Rosenberg, 463 F.2d 451, 454 (9th Cir. 1972); Jolley v. Immigration & Naturalization Service, 441 F.2d 1245, 1251–1252, 1254 (5th Cir.

1971); Loos v. Immigration & Naturalization Service, 407 F.2d 651, 654 (7th Cir. 1969); Tsaconas v. Immigration & Naturalization Service, 397 F.2d 946 (7th Cir. 1968)),[3] and the charge relates to entry. Hames-Herrera v. Rosenberg, *supra*; Khadjenouri v. Immigration & Naturalization Service, 460 F.2d 461, 462 (9th Cir. 1972); Ferrante v. Immigration & Naturalization Service, 399 F.2d 98, 104 (6th Cir. 1968); Tsaconas v. Immigration & Naturalization Service, *supra*.[4]

Section 241(f) applies only to that fraud or misrepresentation which the government must prove to establish the ground relied upon for deportation; in some circumstances it excuses such fraud. It does not make the alien's fraud an affirmative defense, independently exculpatory without regard to the proof required to establish the ground for deportability relied upon by the government.

In these cases petitioners were ordered deported because the period of their authorized temporary stays had expired. The government's case was completed upon proof that petitioners were admitted as nonimmigrant visitors for a temporary period, the period had elapsed, and petitioners had not departed. The charge had nothing to do with petitioners' entry; lawfulness of their entry was assumed. Proof that petitioners' visas were procured by fraud was irrelevant to the charge. Giving full effect to the section 241(f) waiver, the government's proof of the ground relied upon for deportation was unimpaired. Accordingly, the orders of deportation are not barred by section 241(f).

---

2. *See* Bong Youn Choy v. Barber, 279 F.2d 642, 645–646 (9th Cir. 1960).

3. "The statutory waiver excuses charges which are incidental to the misrepresentation, such as perjury, improper quota charge, entry without inspection, and lack of proper documents (when waiver can be simultaneously granted). However, the mere fact that the alien claims to have made a misrepresentation at the time of entry does not excuse him from deportation validly ordered on another charge, not

related to the misrepresentation" (footnotes omitted). Gordon & Rosenfield, Immigration Law & Procedure § 4.7c, 4–41.
  *See also* Ntovas v. Ahrens, 276 F.2d 483, 484 (7th Cir. 1960) (decided under § 7 of the 1957 Act). *See* note 5.

4. *See also* Rutledge v. Esperdy, 200 F.Supp. 231 (S.D.N.Y.1961), *affirmed* on the basis of district court's opinion 297 F.2d 532 (2d Cir. 1961), decided under § 7 of the 1957 Act. *See* note 5.

This interpretation is consistent with the section's language. It is also in harmony with the section's purpose, for Congress intended no more than to grant relief to aliens "facing exclusion or deportation because they had gained entry through misrepresentation." Immigration Service v. Errico, *supra,* 385 U.S. at 220–221, 87 S.Ct. at 478.[5] It avoids the anomalous consequence that an alien may escape deportation simply by "substitut[ing] for his own convenience a ground not involved in the deportation proceedings." Ntovas v. Ahrens, 276 F.2d 483, 484 (7th Cir. 1960). See also Tsaconas v. Immigration & Naturalization Service, *supra,* 397 F.2d 946, 948. It avoids the constitutional question raised by petitioner Cabuco-Flores, who points out that if section 241(f) is held to apply, but the factual determination of the Board in her case is upheld, petitioner Mangabat will be allowed to remain in this country, while petitioner Cabuco-Flores, whose situation is in all respects the same except that she did not enter with a fraudulent intent, will be deported.

This construction averts the wholesale frustration of statutory limitations on immigration foreseen by the government, which suggests that a fraudulent intent to remain cannot be detected at the time of entry, nor disproved during a deportation proceeding.

Finally, this construction limits the impact of the apparent inconsistency between section 241(f)'s automatic waiver where fraud is involved, and the severely limited conditions under which aliens having close family ties in the United States can be relieved of various other grounds of deportation. *See* section 244 of the Act, 8 U.S.C. § 1254; section 212(e), 8 U.S.C. § 1182(e); section 212(h), 8 U.S.C. § 1182(h).

The holding of Muslemi v. Immigration & Naturalization Service, *supra,* is not to the contrary, and, as suggested earlier, its rationale supports the result we reach here. Muslemi was not charged with overstaying; indeed, he was notified that deportation proceedings were to be instituted against him one day before his temporary visa expired. 408 F.2d at 1198. Deportation was sought on the ground that he had entered without an immigrant visa and was therefore excludable under section 212(a)(20), 8 U.S.C. § 1182(a)(20), and deportable under section 241(a)(1), 8 U.S.C. § 1251(a)(1). 408 F.2d at 1197. To prove its charge, the government was required to establish that Muslemi entered the United States as an immigrant, that is, as one who intended to remain in this country permanently. The government was required to prove that Muslemi had obtained his temporary visitor's visa by fraudulently misrepresenting his intentions. Thus, the "misrepresentation was germane to the deportation charge" (408 F.2d at 1199)—waiver of the fraud barred proof essential to that charge.

The rule we adopt is also consistent with Lee Fook Chuey v. Immigration & Naturalization Service, 439 F.2d 244 (9th Cir. 1971). Lee Fook Chuey entered the United States under a false claim of citizenship derived from his father. He was ordered deported on the charge that he was an alien, who entered without inspection in violation of section 241(a)(2), 8 U.S.C. § 1251(a)(2). Obviously, proof of this charge required the government to establish that petitioner's claim of citizenship was false. Section 241(f) was therefore determinative.

However, Vitales v. Immigration & Naturalization Service, 443 F.2d 343 (9th Cir. 1971), cannot be reconciled with our present holding: Section 241(f) was held to bar Vitales' deportation on the ground that she had over-

---

5. The Court was referring to § 7 of the 1957 Act, Pub.Law 85–316, 71 Stat. 639. "The present § 241(f) is essentially a re-enactment of § 7 of the 1957 Act. The legislative history leaves no doubt that no substantive change in the section was intended." Immigration Service v. Errico, 385 U.S. 214, 223, 87 S.Ct. 473, 479, 17 L.Ed.2d 318 (1966).

stayed the period permitted by a nonimmigrant visitor's visa obtained by fraudulently concealing an intention to remain in this country permanently.

The Supreme Court granted certiorari in *Vitales.* 404 U.S. 983, 92 S.Ct. 450, 30 L.Ed.2d 366 (1971). Thereafter, petitioner left the country voluntarily. The Supreme Court vacated the judgment of this court, and remanded with instructions to dismiss the petition. 405 U.S. 983, 92 S.Ct. 1245, 31 L.Ed.2d 449 (1972). This court's decision in *Vitales* is therefore no longer binding precedent. *See* United States v. Munsingwear, Inc., 340 U.S. 36, 39–41, 71 S.Ct. 104, 95 L.Ed. 36 (1950).[6]

The orders of the Board are affirmed.

---

6. In view of the dictum to the contrary in Chung Wook Myung v. Immigration & Naturalization Service, 468 F.2d 627, 628 n. 1, (9th Cir. 1972), this opinion has been circulated to all the active members of the court. No judge has requested that the case be heard in banc.