**Francisco MILANDE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

No. 72–1529.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 20, 1973.

Decided July 5, 1973.

John E. Owens, Jr., Park Ridge, Ill., for petitioner.

John L. Murphy, Chief, Government Regulations Section, Crim. Div., Bruce R. Heurlin, Atty., U. S. Dept. of Justice,

Washington, D. C., James R. Thompson, U. S. Atty., William T. Huyck, Asst. U. S. Atty., Chicago, Ill., for respondent.

Before SPRECHER, Circuit Judge, GRANT*, Senior District Judge, and GORDON,** District Judge.

MYRON L. GORDON, District Judge.

The petitioner seeks review of a final deportation order of the Board of Immigration Appeals. That order was based on § 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2), and upheld a determination by a Special Inquiry Officer that the petitioner, a nonimmigrant, had overstayed his temporary visa. This court's jurisdiction is found in § 106(a) of the Act, 8 U.S.C. § 1105a(a).

The principal issue presented is whether a nonimmigrant alien facing deportation for overstay is entitled to the exemption provided by § 241(f) of the Act, 8 U.S.C. § 1251(f). We are also asked to decide whether § 241(f) is available where, as is alleged here, the true underlying basis for the deportation attempt is fraud and misrepresentation rather than overstay.

The petitioner, Francisco Milande, is a native and citizen of the Philippines. On August 14, 1969, he was issued a nonimmigrant visitor's visa; on August 21, 1969, he and his wife entered the United States as visitors for pleasure, permitted to remain until November 21, 1969. Before expiration of this visa, an extension of the temporary stay was granted to May 20, 1970. No further requests for extensions were received.

On March 2, 1970, Mr. Milande filed a third preference visa petition pursuant to § 203 of the Act, 8 U.S.C. § 1153, as a first step in an attempt to adjust his presence to immigrant status. He allegedly was advised at that time that it was unnecessary to request another extension of his visitor's visa pending determination of his application. A child was born to the petitioner and his wife in South Bend, Indiana, while the application was pending.

On November 23, 1970, the petition was approved. Mr. Milande received notice of approval by means of the Immigration and Naturalization Service's Form I–464A. He remained passive with respect to extending his temporary visa because he believed that Form I–461 would automatically be issued allowing him to remain lawfully in the United States until a new visa number became available. This form, however, was never issued.

During an investigation initiated prior to approval of the petition, the Immigration and Naturalization Service discovered evidence and obtained statements indicating that the petitioner had obtained his nonimmigrant visa by fraud. Deportation proceedings were contemplated on the basis of this information. When deportation proceedings were commenced, however, in April, 1971, they were based on overstay rather than fraud.

Mr. Milande moved to terminate the proceedings pursuant to § 241(f) and, alternatively, requested voluntary departure. On June 10, 1971, the Special Inquiry Officer found him deportable for overstay. On appeal, the Board of Immigration Appeals affirmed the finding of deportability and the denial of the motion to terminate, but it reversed that portion of the Special Inquiry Officer's order which denied voluntary departure.

The petitioner contends that the board erred in refusing to allow him the benefits of § 241(f). That section, as interpreted in Immigration and Naturalization Service v. Errico, 385 U.S. 214, 217, 87 S.Ct. 473, 476, 17 L.Ed.2d 318 (1966),

" . . . waives any deportation charge that results directly from the misrepresentation regardless of the section of the statute under which the

---

* Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

** District Judge Myron L. Gordon of the Eastern District of Wisconsin is sitting by designation.

charge was brought, provided that the alien was otherwise admissible at the time of entry."

The petitioners in *Errico* were immigrants, not temporary visitors. The respondent urges, and the board held, that § 241(f) is not available to nonimmigrants but only to immigrants.

Section 241(f) has been held applicable in a deportation proceeding against a nonimmigrant where the deportation charge involves fraud. Muslemi v. Immigration and Naturalization Service, 408 F.2d 1196 (9th Cir. 1969). The court of appeals for the ninth circuit had also held that § 241(f) was available to a nonimmigrant charged with overstay where it was shown that the nonimmigrant visitor's visa had been obtained by fraudulent concealment of an intention to remain in this country permanently. Vitales v. Immigration and Naturalization Service, 443 F.2d 343 (9th Cir. 1971). Because the petitioner in *Vitales* left the country voluntarily after the Supreme Court granted certiorari, Immigration and Naturalization Service v. Vitales, 404 U.S. 983, 92 S.Ct. 450, 30 L.Ed.2d 366 (1971), the Supreme Court vacated the judgment and directed dismissal. Immigration and Naturalization Service v. Vitales, 405 U.S. 983, 92 S.Ct. 1245, 31 L.Ed.2d 449 (1972).

While not technically reversing *Vitales* because it believed the dismissal negated *Vitales'* precedential status, the court of appeals reversed the position expressed therein in the recent case of Cabuco-Flores v. Immigration and Naturalization Service, 477 F.2d 108 (9th Cir., decided April 13, 1973). In *Cabuco-Flores,* the court did not consider the immigrant-nonimmigrant distinction controlling on the question of whether § 241(f) is applicable in an overstay charge against a nonimmigrant. Instead, it sustained deportation orders, on facts very similar to the ones at bar, on the ground that

" . . . the charge of remaining after the expiration of the period permitted by each petitioner's visitor's

visa was not waived by section 241(f) because it did not depend directly or indirectly upon the asserted misrepresentation in obtaining the visa." 477 F.2d at 110.

█ We agree with the ruling in *Cabuco-Flores.* To prove overstay, the respondent need only show a nonimmigrant's admission for a temporary period, that the period has elapsed, and that the nonimmigrant has not departed. Any fraud or misrepresentation at time of entry is irrelevant to the charge of overstay; § 241(f) is available only when the fraud is relevant to the charge for which deportation is sought. Muslemi v. Immigration and Naturalization Service, 408 F.2d 1196, 1198 (9th Cir. 1969); Tsaconas v. Immigration and Naturalization Service, 397 F.2d 946, 948 (7th Cir. 1968).

A clear showing of overstay was made here. The petitioner's extended temporary visa expired on May 20, 1970. Deportation proceedings were begun on April 5, 1971, at which time the petitioner had not departed. We conclude, therefore, that the waiver provisions of § 241(f) were properly held inapplicable by the board in this case, although we do not hold, as the board apparently did, that § 241(f) is never available to nonimmigrants. Whether we would agree with the court of appeals for the ninth circuit that the benefits of § 241(f) are available when a nonimmigrant is sought to be deported for fraudulent entry rather than overstay will not be decided in the absence of a record directly presenting that situation.

Mr. Milande also argues that the true basis for the deportation proceedings challenged here is fraud uncovered during the pending of his petition for third preference. He urges that the overstay was formally relied on in an attempt to circumvent the availability of § 241(f). It is argued, therefore, that the proceedings should be treated as though based on fraud and the benefits of § 241(f) be made available.

We disagree. Contrary to his alleged expectations, Mr. Milande's temporary visa had expired by the time the government discovered the apparent fraud. We do not believe that the subsequent discovery of evidence indicating fraud precluded the government from seeking deportation for an overstay already effected. As the court stated in *Cabuco-Flores:*

> "Section 241(f) applies only to that fraud or misrepresentation which the government must prove to establish the ground relied upon for deportation; in some circumstances it excuses such fraud. It does not make the alien's fraud an affirmative defense, independently exculpatory without regard to the proof required to establish the ground for deportability *relied upon* by the government." 477 F.2d at 110 (emphasis supplied).

The petitioner also details a prior practice of the Immigration and Naturalization Service allowing nonimmigrants relatively automatic extensions of temporary visas pending determinations of their petitions. It is conceded that this practice is no longer operative. He suggests, therefore, in somewhat conclusory terms, that the position we have now taken allows the government, once it has uncovered fraud, to simply delay action on the petition until the temporary visa expires. It follows, he concludes, that the government could circumvent § 241(f) in all nonimmigrant cases by doing just that and then charging only for overstay. We recognize that there is some merit to the petitioner's argument. We also perceive the possibility of some valid counterarguments, however. Consequently we believe that consideration of this problem should be deferred until such time as it is properly before the court; the present record does not squarely present the issue.

The order of the Board of Immigration Appeals is affirmed.