Hector **CORTEZ–FLORES** and Socorro Moreno de Cortez, Petitioners,

v.

**IMMIGRATION & NATURALIZATION SERVICE**, etc., Respondent.

No. 74–2093

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 13, 1974.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Joseph J. Rey, Jr., El Paso, Tex., for petitioners.

William B. Saxbe, U. S. Atty. Gen., U. S. Dept. of Justice, Washington, D. C., William S. Sessions, U. S. Atty., San Antonio, Tex., William E. Weinert, Immigration & Nat., Ronald F. Ederer, Asst. U. S. Atty., El Paso, Tex., Troy A. Adams, Jr., Dist. Director, Immigration & Nat., New Orleans, La., Rex Young, Atty., John L. Murphy, Chief Gov. Reg. Sec., Crim. Div., Washington, D. C., for respondent.

Before COLEMAN, DYER and GEE, Circuit Judges.

PER CURIAM:

Petitioners are husband and wife, aged 34 and 30 respectively, who are natives and citizens of Mexico. They are the parents of two children, aged 2 years and 6 months, who are United States citizens, born in the United States while their parents were here unlawfully. Petitioners are registered at the American Consulate in Juarez for the purpose of qualifying for immigration visas, and they anticipate being called for appearances in connection with their application around November, 1974.

Male petitioner entered the United States at El Paso, Texas, on or about September 24, 1972, at which time he was not inspected by immigration officials. Female petitioner entered the United States at El Paso on or about October 24, 1972, at which time she was admitted as a visitor for pleasure but was authorized to remain here as a nonimmigrant for only 72 hours. She has remained without authority from immigration officials.

The Immigration Judge concluded that both petitioners were deportable under § 241(a)(2) of the Immigration & Nationality Act, 8 U.S.C., § 1251(a)(2), and they were granted the privilege of effecting a voluntary release within thirty days. The Board of Immigration Appeals upheld the deportation order.

Petitioners rely on § 241(f) of 8 U.S.C., § 1251(f) in their effort to prevent deportation. This section refers in part to "aliens who have sought to pro-

cure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation". Since neither of the deportation orders at issue were based on petitioners' having entered the United States by fraud or misrepresentation, the relief provided by this section is unavailable.

The Board of Immigration Appeals noted in its decision that it has repeatedly held that an alien who entered without inspection (male petitioner) or who is an overstayed visitor (female petitioner) is not benefited by § 241(f), citing Matter of Mangabat, Interim Decision 2131 (BIA, 1972).

Case law adequately supports the Board's decision. In Monarrez-Monarrez v. INS, 9 Cir., 1972, 472 F.2d 119, the court dealt with an alien who entered the United States without inspection and held that § 241(f), 8 U.S.C., § 1251(f) was unavailable to the alien because he was not charged with fraud nor did he commit any fraud nor make any misrepresentation to gain entry. The court noted that relief under § 241(f) has been extended only to those aliens who have committed fraud in obtaining entry papers, see INS v. Errico, 385 U.S. 214, 87 S.Ct. 473, 17 L.Ed.2d 318 (1966), or who made misrepresentations when interrogated at the port of entry, Lee Fook Chuey v. INS, 9 Cir., 1971, 439 F.2d 244, and whose fraud or misrepresentations directly resulted in the deportation charges.

The court in Cabuco-Flores v. INS, 9 Cir., 1973, 477 F.2d 108 dealt with the problem of the overstay visitor stating "The issue is whether section 241(f) applies to deportation of a temporary visitor on the ground that the visitor has overstayed the period authorized. We hold that it does not", Id. at 109. See, also, Pirzadian v. INS, 8 Cir., 1973, 472 F.2d 1211; Ferrante v. INS, 6 Cir.,

1968, 399 F.2d 90; Ntovas v. Ahrens, 7 Cir., 1960, 276 F.2d 483.

The law is well settled that petitioners are ineligible for relief under 8 U.S.C., § 1251(f) in that in neither case was fraud or misrepresentation a basis for the finding of deportability.

■ This section of the Act also provides that an alien is not to be deported if among other things, he can show he was "otherwise admissible" at the time of his entry to the United States. The alien bears the burden of proving that he is eligible for relief under the Act by showing that he would be "otherwise admissible" at the time of his entry into the United States except for the fraud or misrepresentation perpetrated by his entry.

■ Petitioners did not present any evidence or even allege that they were otherwise admissible. Petitioners did show that they are the parents of children born in the United States, but this allegation alone will not suffice to save them from deportation since deportation of a parent does not deprive the child of any constitutional rights. See Perdido v. INS, 5 Cir., 1969, 420 F.2d 1179.

■ Petitioners have not established that they were "otherwise admissible" at the time of entry; and the law is well established that when an alien fails to prove himself eligible for relief from deportation, the court will not remand the case to give him a second chance to prove he is entitled to relief. See Bufalino v. Holland, 3 Cir., 1960, 277 F.2d 270, cert. denied 364 U.S. 863, 81 S.Ct. 103, 5 L.Ed.2d 85 (1960).

The order of the Board of Immigration Appeals is

Affirmed.