## MATTER OF JOQUIN

### In Deportation Proceedings

### A-19672307

*Decided by Board June 11, 1975*

(1) Respondent, deported in July, 1972, as a nonimmigrant visitor who remained longer, returned to the United States in December, 1972, and was admitted as a nonimmigrant visitor, although he had never obtained permission to reapply for admission after his prior deportation. He argues he was never informed of the need to obtain permission to reapply, and that deportation is barred by section 241(f) of the Act. Nothing in the Act requires the Service to notify respondent that he needed permission to reapply for admission after deportation.

(2) Respondent was properly held deportable, with section 241(f) held not applicable to a nonimmigrant "overstay" or to an alien excludable at entry under section 212(a)(17) for having failed to obtain permission to reapply for admission. In *Reid v. INS*, 420 U.S. 619, 95 S. Ct. 1164 (1975), the Supreme Court indicated that section 241(f) cannot benefit an alien charged under section 241(a)(2) as having remained beyond the authorized length of his stay. Also, section (a)(1) charge based on section 212(a)(19) or section 211(a) charge similar to that at issue in *INS v. Errico*, 385 U.S. 214 (1966). Section 241(f) of the Act does not preclude the deportation of an alien under section 241(a)(1), where the basis for the charge is excludability under section 212(a)(17) of the Act.

CHARGES:

Order: Act of 1952—Section 241(a)(1)[8 U.S.C. 1251(a)(1)]—Excludable—arrested and deported, no permission to reapply for admission.

Lodged: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant —remained longer.

ON BEHALF OF RESPONDENT: Peter M. Siegel, Esquire
204 West Seventh Street
Wilmington, Delaware 19801

In a decision dated March 19, 1974, the immigration judge ordered the respondent deported from the United States. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent is a native of Bermuda and a citizen of the United Kingdom. He was deported from the United States in July of 1972 as a nonimmigrant visitor who had remained beyond the authorized length of his stay. He last returned to the United States in December of 1972 and

was admitted as a visitor authorized to remain until February 20, 1973. Although admitted as a visitor in December of 1972, the respondent has never obtained permission to reapply for admission after his deportation in July of 1972.

The Service alleges that the respondent is deportable as a nonimmigrant "overstay" under section 241(a)(2) of the Immigration and Nationality Act, and is deportable under section 241(a)(1) as an alien excludable at entry under section 212(a)(17) for having failed to obtain permission to reapply for admission.

The respondent has admitted the factual allegations contained in the order to show cause. He argues, however, that he was never informed of the need to obtain permission to reapply, and that his deportation is precluded by virtue of section 241(f) of the Act.

The record fails to indicate whether the respondent was informed prior to his return that he needed permission to reapply for admission. However, the Act places no requirement on the Service to so inform a deported alien. The respondent's lack of knowledge does not preclude a finding of deportability. The respondent was excludable at entry as alleged by the Service.

Moreover, section 241(f) does not benefit the respondent with respect to either charge of deportability. In *Reid* v. *INS*, 420 U.S. 619, 95 S. Ct. 1164 (1975), the Supreme Court held that section 241(f) did not benefit an alien who had entered the United States under a false claim to United States citizenship and who was charged with deportability as an alien who had entered without inspection under section 241(a)(2) of the Act.

The Supreme Court's opinion in *Reid* also indicates that section 241(f) cannot benefit an alien charged under section 241(a)(2) as one who has remained beyond the authorized length of his stay. See also *Cabuco-Flores* v. INS, 477 F.2d 108 (C.A. 9, 1973), cert. denied in companion case of *Mangabat* v. *INS*, 414 U.S. 841 (1973); *Preux* v. *INS*, 484 F.2d 396 (C.A. 10, 1973), cert. denied, 415 U.S. 916 (1973); *Milande* v. *INS*, 484 F.2d 774 (C.A. 7, 1973); *Cortez-Flores* v. *INS*, 500 F.2d 178 (C.A. 5, 1974). The Supreme Court's discussion of section 241(f) in *Reid* further indicates that section 241(f) will only prevent an alien's deportation on a section 241(a)(1) charge which is based either on section 212(a)(19), or on a section 211(a) charge similar to the charges at issue in *INS* v. *Errico*, 385 U.S. 214 (1966). Section 241(f) therefore does not preclude the respondent's deportation on the charge based on section 212(a)(17). See also *De Vargas* v. *INS*, 409 F.2d 335 (C.A. 5, 1968), cert. denied, 396 U.S. 895 (1969); *Hames-Herrera* v. *Rosenberg*, 463 F.2d 451 (C.A. 9, 1972).

The respondent's deportability on the charges alleged by the Service has been established by clear, convincing and unequivocal evidence. His deportation is not barred by section 241(f).

The immigration judge denied the respondent's application for voluntary departure in the exercise of discretion. The immigration judge's

decision sets forth the adverse factors present in the respondent's case, and our review of the record satisfies us that the immigration judge's discretionary denial of voluntary departure was proper.

The decision of the immigration judge was correct.

**ORDER:** The appeal is dismissed.