## MATTER OF GONZALEZ

### In Deportation Proceedings

### A-20361805

*Decided by Board March 11, 1977*

(1) Respondent was convicted of a violation of 18 U.S.C. 912 and 2 for impersonating an immigration officer and as such, demanding and obtaining money. This was a crime involving moral turpitude. In deportation proceedings brought under section 241(a)(2) of the Immigration and Nationality Act, the immigration judge denied voluntary departure on the ground that respondent failed to show the requisite good moral character required by section 101(f)(3) of the Act notwithstanding that respondent had received a judicial recommendation against deportation under section 241(b) of the Act.

(2) The decision of the U.S. Court of Appeals for the Third Circuit in *Giambanco* v. *INS*, 531 F.2d 141 (1976) holds that a conviction for which a judicial recommendation against deportation under section 241(b) of the Act has been obtained may not be considered in an application for discretionary relief. That decision is controlling in this case since it arose in the Third Circuit (Newark). Therefore, the record will be remanded to the immigration judge in order that he may make a new determination respecting the application for voluntary departure without considering respondent's conviction.

(3) *Matter of Mangabat*, 14 I. & N. Dec. 75 (BIA 1972), affirmed *Mangabat* v. *INS*, 477 F.2d 108; cert. denied 414 U.S. 841 (1973), distinguished.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor— remained longer

ON BEHALF OF RESPONDENT:
James J. Orlow, Esquire
Wasserman, Orlow, Kaye, & Rubin
636 Public Ledger Building
6th & Chestnut Streets
Philadelphia, Pennsylvania 19106
Allen E. Kaye, Esquire
233 Broadway
New York, New York 10007

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

BY: Milhollan, Chairman; Wilson, Maniatis, and Appleman, Board Members

This is an appeal from the August 20, 1975, decision of an immigration judge in which the respondent was found deportable under section

241(a)(2), his application for voluntary departure was denied, and his deportation to Colombia was ordered. The respondent has appealed from that decision. The record will be remanded. .

The respondent, a native and citizen of Colombia, entered the United States on or about June 13, 1972, as a nonimmigrant visitor. He remained beyond the authorized period of his admission, and these proceedings were instituted against him. The respondent has conceded his deportability. The only issue on appeal involves the respondent's application for voluntary departure.

In 1974 the respondent was convicted in the United States District Court, District of New Jersey, on Count 1 of an indictment which states that the respondent ". . . did knowingly, wilfully and unlawfully combine, conspire, confederate . . . to falsely pretend and assume to represent to others that Jaime Jaramillo was an officer and employee of the United States acting under the authority thereof, that is, an officer and employee of the Immigration and Naturalization Service, and falsely act as such, and in such pretended character demand and obtain money, in violation of Title 18, United States Code, Sections 912 and 2." The crime of which the respondent was convicted is a crime involving moral turpitude. See *Mercer v. Lence*, 96 F.2d 122 (10 Cir. 1938), cert. denied 305 U.S. 611 (1938); *Matter of B—*, 6 I. & N. Dec. 702 (BIA 1955).

The respondent, however, received a judicial recommendation against deportation pursuant to section 241(b) of the Act. The immigration judge concluded, however, that evidence of this conviction statutorily precluded the respondent from establishing good moral character under section 101(f)(3) and thereby acted as a bar to a grant of voluntary departure under section 244 of the Act.

Subsequent to the immigration judge's decision, the United States Court of Appeals for the Third Circuit rendered its decision in *Giambanco v. INS*, 531 F.2d 141 (3 Cir. 1976). The court held in *Giambanco* that a conviction for which a judicial recommendation against deportation under section 241(b) of the Act has been obtained may not be considered in an application for discretionary relief.[1]

In its brief on appeal the Service requests that we decline to apply the Third Circuit's ruling in *Giambanco* to this case. In support of its request, it relies on our decision in *Matter of Mangabat*, 14 I. & N. Dec. 75 (BIA 1972), affirmed *Mangabat v. INS*, 477 F.2d 108; cert. denied, 414 U.S. 841 (1973).

In *Matter of Mangabat*, we declined to apply a decision of the United States Court of Appeals for the Ninth Circuit to a case arising in the

---

[1] The application involved in *Giambanco* was made under section 245 of the Act; the respondent in the present case has made an application under section 244(e). However, the court's opinion in *Giambanco* clearly covers all discretionary applications under the Act.

circuit. However, the court in its decision had rejected the Board's long standing construction of a statute, a construction which had been endorsed in courts outside the Ninth Circuit and which had been approved by the Attorney General. The instant case does not contain the persuasive factors present in *Matter of Mangabat*. Despite the fact that the Service apparently has not acquiesced in the court's ruling in *Giambanco*, it is our opinion that we are bound by the court's ruling in those cases arising within the Third Circuit. See *Matter of Amado and Monteiro*, 13 I. & N. Dec. 179 (BIA 1969).

With due respect for the court, however, we state our disagreement with its holding in *Giambanco*. Section 241(b) expressly prevents an alien's deportation on the basis of a conviction for which a judicial recommendation against deportation was made despite the provisions of section 241(a)(4). The Act nowhere states that the criminal activity and the conviction which resulted therefrom cannot be considered in connection with an application for discretionary relief. However, in recognition of the policy expressed by Congress in section 241(b), we are of the opinion that an alien who has a conviction for which a judicial recommendation against deportation has been made should not be precluded by section 101(f)(3) from establishing good moral character. Since the existence of the conviction does not bar further inquiry, all evidence of record, including that conviction and the nature of the criminal activity, could be considered in determining whether the respondent is a person of good moral character and in exercising discretion under section 244(e) of the Act. Contrary to the view expressed by the court, the interpretation suggested here is the same applied in those cases in which an expungement of the conviction has been obtained. See *In re Paoli*, 49 F. Supp. 128 (N.D. Cal. 1943); *Matter of H—*, 6 I. & N. Dec. 619 (BIA 1955).

The present case illustrates the inadvisability of establishing rigid rules which deny to the immigration judges the flexibility necessary to carry out their duty to analyze sensitively the competing factors in each particular case. See *Matter of Blas*, Interim Decision 2485 (BIA 1974; Attorney General 1976). The respondent's conviction of 1974 resulted from his involvement in a particularly despicable criminal scheme: he conspired to pose as an Immigration and Naturalization Service employee and to fraudulently obtain money from other aliens on the basis of false promises to procure lawful permanent resident status for them. Had no criminal action been instituted against the respondent, the fact of his involvement in the criminal activity could have been brought out and considered in connection with an application for discretionary relief. The court's ruling in *Giambanco* places him in a position superior to the person who has not been convicted of his crime. Although the fact of his conviction should not preclude him from establishing statutory eligibil-

ity for the relief, we are of the opinion that the respondent is neither a person of good moral character nor a person who merits a favorable exercise of discretion.

Nevertheless, pursuant to the court's decision in *Giambanco*, we shall remand the record to the immigration judge in order that he may make a new determination on the application for voluntary departure. The immigration judge shall not consider the respondent's conviction in reaching a new decision on the application.

**ORDER:** The record is remanded to the immigration judge for further proceedings consistent with the above opinion.