**Jesus Armando GONZALEZ, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZA- TION SERVICE, Respondent.**

**No. 73-2427.**

United States Court of Appeals, Fifth Circuit.

May 3, 1974.

---

Albert Armendariz, Sr., Albert Armendariz, Jr., El Paso, Tex., for petitioner.

Troy A. Adams, Jr., Dist. Director, I. N. S., New Orleans, Elliot L. Richardson, Atty. Gen., U. S. Dept. of Justice, Washington, D. C., William S. Session, U. S. Atty., San Antonio, Tex., Ralph E. Harris, Asst. U. S. Atty., William E. Weinert, District Director, U. S. I. N. S., El Paso, Tex., John L. Murphy, Robert P. Trout, Atty., Chief, Gov. Regulations Sec., Crim. Div., Washington, D. C., James W. Kerr, Jr., San Antonio, Tex., for respondent.

Before BELL, THORNBERRY and DYER, Circuit Judges.

PER CURIAM:

Gonzalez is an alien who entered this country by misrepresenting himself as an American citizen. He is resisting INS's deportation efforts by seeking relief under section 241(f) of the Immigration and Nationality Act.[1] That section shields from deportation aliens who entered by fraud or misrepresentation, but were "otherwise admissible at the time of entry" and now are the spouse, parent or child of a U. S. citizen.

It is agreed that Gonzalez entered by misrepresentation but is now the son of an American citizen stepfather. The only issue is whether he was "otherwise admissible at the time of entry." INS would have us hold that an alien must have applied for a visa in order to be "otherwise admissible." A panel of this Circuit recently has rejected that contention and held that "otherwise admissible" means that the alien must meet the physical, mental, and moral standards for admission set out in 8 U.S.C.A. § 1182. Gonzalez de Moreno v. Immigration and Naturalization Service, 5th Cir. 1974, 492 F.2d 217. Accord, Lee Fook Chuey v. Immigration and Naturalization Service, 9th Cir. 1971, 439 F.2d 244. Contra, Reid v. Immigration and Naturalization Service, 2d Cir. 1974, 492 F.2d 251. Therefore we remand this case for a hearing to apply the criteria set out in 8 U.S.C.A. § 1182 and determine whether Gonzalez was qualitatively acceptable at the time of entry.

The order is reversed, and the cause is remanded to the Board of Immigration Appeals.

---

1. Section 241(f) provides: ·
   (f) The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence.
   8 U.S.C.A. § 1251(f) (1970)