Josue CASTRO–GUERRERO, Petitioner,

v.

IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.

No. 74–1073
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.
Nov. 11, 1974.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Sam Williamson, Houston, Tex., for petitioner.

William B. Saxbe, Atty. Gen., U. S. Dept. of Justice, Washington, D. C., Anthony J. P. Farris, U. S. Atty., Houston, Tex., Troy A. Adams, Jr., District Director, Immig. & Nat. Service, New Orleans, La., John L. Murphy, Chief, Crim. Div., Robert P. Trout, Atty., Criminal Div., Dept. of Justice, Washington, D. C., for respondent.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

The single question on this appeal is whether the petitioner is entitled to the automatic relief from deportation granted by statute to those who are the spouse, parent, or child of a United States citizen.[1]

In 1956 Castro-Guerrero was admitted to the United States as a lawful permanent alien. He married another resident alien and they had a son in 1962. The next year the family returned to Mexico and lived there until 1969 when they returned to the United States. In 1970 another child was born in the United States. In March 1971 Castro-Guerrero, returning from one of his periodic trips to Mexico, procured his entry back into the United States with a no longer valid Alien Registration Receipt Card. He was subsequently ordered to show cause why he should not be deported for not being in possession of a valid entry document.[2] On April 13, 1973 he was ordered deported.

Castro-Guerrero seeks relief under § 241(f) of the Immigration and Nationality Act.[3] That section excepts from deportation aliens who entered by fraud or misrepresentation, but were "otherwise admissible at the time of entry" and now are the spouse, parent or child of a U.S. citizen. INS would have us hold that Castro-Guerrero is not "otherwise admissible" because he circumvented the entire visa issuance and inspection process through his illegal entry. We have twice rejected this contention in fact situations indistinguishable from the one before us. Gonzalez de Moreno v. Immigration and Naturalization Service, 5 Cir., 1974, 492 F.2d 532; Gonzalez v. Immigration and Naturalization Service, 5 Cir., 1974, 493 F.2d 461.[4] We therefore remand this case for a hearing before the Board of Immigration Appeals to determine whether at the time of his entry Castro-Guerrero met the physical, mental, and moral standards for admission set out in 8 U.S.C.A. § 1182 as our cases have articulated.

Reversed and remanded.

1. 8 U.S.C. § 1251(f), § 241(f) (1970).

2. Pursuant to 8 U.S.C. §§ 1182(a)(20), 1251(a)(1) (1970).

3. 1. Section 241(f) provides:
   (f) The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence.
   8 U.S.C.A. § 1251(f) (1970).

4. Our recent decision in Cortez-Flores v. I&NS, 5 Cir., 1974, 500 F.2d 178, is not to the contrary.